JUNE TERM, 1864. 331

Achtenhagen, adm'r &c., vs. The City of Watertown.

ACHTENHAGEN, Ad'mr &c., VS. THE CITY OF WATERTOWN.

In an action for an injury sustained through the negligence of the defendant, the plaintiff is not bound in the first instance to show that he himself was not guilty of negligence which contributed to the injury; but it is enough if the proof introduced and the circumstances attending the injury establish *prima facie* that it was occasioned by the negligence of the defendant.

But if the plaintiff's own evidence raises an inference of negligence against himself, he must, in order to establish a *prima facie* case, show that he was guilty of no negligence.

In an action against a municipal corporation for damages arising from negligence in leaving a bridge unrepaired, in consequence of which the plaintiff's son fell through and was drowned, it appeared from the plaintiff's evidence that the deceased was thirteen years old; that he was familiar with the bridge, and knew of the hole in it; and that the accident occurred in the day time, and he had passed over the bridge a short time before on the same day. *Held*, that these facts raise such a presumption of negligence on the part of the deceased, that the plaintiff was bound, by proper proof, to negative that presumption; and having failed to do so, he was properly nonsuited.

ERROR to the Circuit Court for *Jefferson* County.

The action in the court below was brought by *Christian Achtenhagen*, as administrator of the estate of Otto Achtenhagen, deceased, to recover damages from the *City of Watertown* under secs. 12 and 13, ch. 135, R. S. The cause of action alleged in the complaint is, that the plaintiff's intestate (who was also his son and an infant), while passing across a bridge over Rock river, within the corporate limits of said city, fell through a large hole in said bridge and was drowned, without any negligence on his part, and wholly in consequence of the negligence of the defendant in not keeping said bridge in repair, as it was bound to do. Answer, a general denial, except as to the duty of the city to keep said bridge in repair.—On the trial, after proving his representative character, the plaintiff testified in his own behalf substantially as follows: "My son Otto Achtenhagen died June 2d, 1862. His mother sent him across the Second street bridge to get butter and eggs of one Mrs. Otto. I live about five hundred steps south of the bridge, and Mrs. Otto a few steps north of it. A little brother

went with him. I have not seen him alive since that time. His body was found near the Main street bridge, in Rock river, below the Second street bridge. His body was taken out of the river June 6th, 1862. He looked very natural, except that his face was swelled up, and he had a scar over the eye. The scar looked as though his forehead had been hit against the sharp corner of something. I heard about the accident immediately after it happened. I went back to the bridge with my little son who was with Otto, and he pointed out the hole where Otto, he said, fell through the bridge. There was a plank out. The hole was about fifteen or sixteen inches in breadth, and about ten feet long, or one half the width of the bridge. It was a double track bridge. * * Otto was thirteen years old when he died. * * He frequently passed over the bridge."—Mrs. Schmiel, for the plaintiff, testified that on the day of the accident she saw the deceased near the north end of the bridge, and spoke to him; he was going home; had eggs and butter on one arm, and was leading his little brother with the other hand. About half an hour after, she heard that he was drowned. The plaintiff also introduced evidence tending to prove that the hole through which the deceased fell had been in the bridge several days before the accident occurred.

When the plaintiff rested, the court, upon the defendant's motion, directed a judgment of nonsuit to be entered; and the plaintiff sued out his writ of error.

*Gill & Barber*, for plaintiff in error, cited *M. & C. R. R. Co. v. Hunter*, 11 Wis., 170.

*Enos & Hall*, for defendant in error, cited *Chamberlain v. M. & M. R. R. Co.*, 7 Wis., 425; id., 531; *Steves v. Oswego & Syracuse R. R. Co.*, 18 N. Y., 422.

*By the Court*, DIXON, C. J. Adhering to the rule given in *Milwaukee & Chicago R. R. Co. v. Hunter*, 11 Wis., 160, that the plaintiff in an action for injury sustained by the negligence of another, is not bound in the first instance to show that he

himself was not guilty of negligence which contributed to the injury, but that it is enough if the proof introduced, and the circumstances attending the injury, establish *prima facie* that the injury was occasioned by the negligence of the defendant, still we think the nonsuit properly granted in this case. If the plaintiff's own evidence raises an inference of negligence against himself, then he is undoubtedly required to go farther, and, in order to establish a *prima facie* case, to show that he was guilty of no negligence. Such, in our opinion, was the case here. The deceased was a person of sufficient discretion, knowing the danger, with ordinary care, to have avoided it, and if he did not, but came to his death in the manner supposed, it cannot but in some degree be attributed to his own want of proper care. He was a boy of the age of thirteen years. He was familiar with the bridge, and knew of the hole in it through which it is supposed he must have fallen and lost his life. He was passing over it in the day time, and had passed over it but a short time before on the same day. These circumstances raise such a presumption of negligence against him, that we think the plaintiff was bound, by proper proof, to negative the presumption, and to show that the deceased was guilty of no want of care, before the cause could have been submitted to the jury.

Judgment affirmed.