NICKS vs. THE TOWN OF MARSHALL.

| 24 | 139 |
|----|-----|
| 79 | 509 |
| 24 | 139 |
| e116 | 1272 |

*Contributory negligence.—When exceptions to instructions must be taken.*

1. Exceptions to instructions are too late after verdict rendered and jury discharged.
2. A judgment against a town for an injury caused by an obstruction in a highway, reversed because it appears from the plaintiff's evidence that he knew the obstruction was there, and did not use ordinary care in guarding against it.

APPEAL from the Circuit Court for *Richland* County.
Action for injuries to the plaintiff's person, received in consequence of his being thrown from a wagon upon a highway in the defendant town.   The injury is alleged to have been caused by obstructions which defendant had negligently permitted to remain in the highway.

The court refused to set aside a verdict for the plaintiff, and rendered a judgment thereon; from which defendant appealed.

*M. M. Cothren*, for appellant.

*A. Durnford* (with *Wm. F. Vilas*, of counsel), for respondent, contended, among other things, that the question of contributory negligence was for the jury, and not the court, to decide. *Spencer v. R. R. Co.*, 17 Wis. 487; *Edmiston v. Garrison*, 18 id. 594; *Rusch v. City of Davenport*, 6 Iowa, 443; *Hanlon v. Keokuk*, 7 id. 488; *Bigelow v. Rutland*, 4 Cush. 247.

COLE, J. On the argument of this case, a number of objections were taken by the counsel for the appellant to the instructions of the court. But we think we cannot consider these objections, for this reason: It appears, from a marginal correction of the bill of exceptions, that no exceptions were taken to the charge of the court until after the verdict was rendered and the jury discharged. This, we think, was too late to make the exceptions available in this court. We have frequently held that the attention of the circuit judge must be specifically called to those portions of the charge complained of, when the same is given, otherwise we would not review the exception. By this practice the circuit judge has an opportunity to modify or withdraw the objectionable instructions, if he deems them in any wise incorrect. It is said, however, that by the rules of court in the fifth circuit, exceptions to instructions are permitted to be taken even after a verdict is rendered in the cause, and that this practice should be sanctioned by this court. But we think the proper administration of justice, as well as the rights of parties, will be more completely subserved, and more fully protected, by adhering to the practice of requiring exceptions to be taken to the precise portions of the charge objected to, when the same are given, and while an opportunity is afforded of correcting them, than by deferring the ex-

ceptions until the cause has been submitted to the jury. By the latter practice, of course, no correction of the objectionable matter can be made by the court; while, if the specific objection is made known when the charge is given, the error could at once be corrected, and perhaps the necessity for another trial be avoided. Hence we must adhere to the practice of requiring parties to call the attention of the court to the precise part of the charge objected to, when the same is given, and then take their exceptions; otherwise, the exceptions will not be reviewed in this court.

Without stopping to notice some other points discussed by counsel, my brethren are clearly of the opinion that the motion for a new trial should have been granted, because the verdict was contrary to the law and evidence in the case. They think the uncontradicted testimony in the case shows that the plaintiff was guilty of great negligence in riding upon the load of hay in the manner he did, and that this want of care contributed to the injury. I have had some doubt whether, upon the facts, I could say, as a matter of law, that the concurring negligence of the plaintiff contributed to the injury complained of; but I defer to their judgment upon this point. And certain it is, that it appears from the evidence that the plaintiff was riding, at the time of the accident, upon an unbound load of hay — being a hundred or two in quantity — which was thrown loosely upon a wagon box. His son-in-law, who drove the team, and who testified on the part of the plaintiff on the trial, said that the "plaintiff sat on the hay on the hind end of the wagon, on his knees, his face looking behind the wagon." And the plaintiff himself testified that he got up on to the wagon behind, and sat on the hay with a pitchfork in his hand, stuck in the hay. It appears that, while the wagon was going down a descent, the hind wheel struck a rock in the highway, and threw the plaintiff off the

hay upon the ground, his hip striking upon a stone, fracturing the pelvic bone and otherwise injuring him. The plaintiff was familiar with the highway, and well knew that there was a large rock in the road at that place. He says, in going up the road "I noticed a large rock in the road, which I had before noticed, and spoke to Mr. Heffner, and said: 'There is a bad place in the road.'" Now, in view of these facts, which are not controverted, there is surely good ground for saying that the plaintiff did not exercise ordinary care and diligence while riding upon the load of hay, but took a position on the "*hind end of the wagon, on his knees, his face looking behind the wagon,*" where he would be exposed to the most violent motion of the wagon, and at the same time be in the worst possible condition to see approaching danger, and to take means to guard against it. It is very obvious that, if he had been riding with his face in the direction the team was traveling, he would have been likely to see the rock in the highway, and that the wheel would probably strike it, and thus have been prepared for the "severe jolt" of the wagon when it passed over the obstruction. It may be conceded that the town failed to perform its duty, and was guilty of negligence in permitting such an obstruction to remain in the highway; but, notwithstanding this, the plaintiff was bound to exercise ordinary care and prudence to avoid an injury while driving his team or having it driven over it. And, in taking his position upon the load of hay in the manner before described, while riding over a road he knew to be dangerous, he did not use that ordinary care and diligence which he was bound to exercise to avoid the injury.

The motion for a new trial should have been granted, because the verdict of the jury was contrary to the law and evidence in the case.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.