# KENWORTHY VS. THE TOWN OF IRONTON.

HIGHWAYS: NEGLIGENCE.  *Court and jury: Irrelevant issues: Contributory negligence: Instructions.*

| | |
|---|---|
| 41 | 647 |
| 81 | 228 |
| 41 | 647 |
| 88 | 323 |
| 41 | 647 |
| 92 | 61 |
| 41 | 647 |
| 93 | 462 |
| 41 | 647 |
| 97 | 473 |
| 41 | 647 |
| 102 | 278 |
| 41 | 647 |
| 113 | ³265 |

1. In actions for injuries from negligence, where the facts, though undisputed, still leave the inference of negligence in doubt, that question is for the jury.  *Nicks v. Marshall*, 21 Wis., 139, and *Delaney v. Railway Co.*, 33 id., 67, distinguished.

2. In an action for injuries alleged to have been caused by a defective highway, where the right of the town to maintain the highway on the line of its actual location was not denied by the plaintiff, there was no error in rejecting evidence offered by the town to show that, owing to the topographical character of the region, it was customary and necesssary to construct the highways for the most part (as the one in question was constructed), on the hill sides; especially as it was admitted by the plaintiff that the country was "bluffy, rough and mountainous," and the questions asked as to the necessary and usual mode of constructing highways in that region tended to raise irrelevant issues.

3. The fact that a person drove over a highway at a certain place with knowledge that it was dangerous, is not conclusive, in law, that he was negligent; but the question is for the jury, in view of all the facts in evidence.  *Kelley v. Fond du Lac*, 31 Wis., 179.

4. Where the jury were instructed that ordinary care in any given case is such as men of ordinary prudence use *under like circumstances*, and that plaintiff was bound to use such care, it was not error to refuse a further instruction to the effect that if, at the time and place of the accident, plaintiff had in mind the condition of the road over which he was then about to pass, but did not take any extra pains to guard against accident, and did not use more care than he had before been using where the road was not dangerous, he could not recover.

5 Where the jury were instructed that the question was, whether the highway, at the time and place, was in a reasonably safe and suitable condition for the customary travel upon it, "under all the circumstances attending the particular place;" and that it was their duty "to bear in mind the particular location of the highway, the nature and surface of the soil and surrounding country," because "a way which would be deemed narrow and insufficient, and by which the traveler would be unnecessarily exposed to accident, in one case, might not be so deemed in another, or under different circumstances;" the jury could not be misled to the injury of the town by a further instruction to the effect that "towns are bound to make their highways in such a manner that travel-

ers passing along them with ordinary care, *considering the nature of the country they are passing through,* may pass with safety at all seasons of the year, by night or day;" and the giving of this instruction was not error in this case.

6. Where the jury were properly instructed as to the duty and liability of the town when the defect in a highway is of recent origin, and the result of sudden and unexpected causes, there was no error in a further instruction to the effect that the town is liable for an accident on the highways, "caused by running off a dugway or embankment at the margin of the traveled track, unless it was so guarded as to be reasonably safe and free from danger of driving or slipping off it, at any time, or in any season of the year, *and in any ordinary condition of the weather,* and with any ordinary care upon the part of the traveler."

7. There was no error in the judge admonishing the jury that neither he nor they were to erect a standard of their own as to the condition in which towns ought to be required to keep their highways, "because the law, which is over both you and me, does that."

APPEAL from the Circuit Court for *Sauk* County.

The action is to recover damages for injuries received by the plaintiff alleged to have been caused by defects in a highway in the defendant town, which (it is conceded) it was the duty of such town to keep in repair. No question is made on the pleadings.

The testimony introduced by the plaintiff on the trial tended to show a state of facts which is correctly stated in the brief of counsel for the plaintiff as follows: " The plaintiff started out in the morning before daylight, with a load of railroad ties, traveling on a highway, which it was conceded the defendant town was legally bound to keep in repair. When he started, he was walking behind his wagon, but when he came near the place of the accident (which he knew was icy and slippery), he got upon his wagon, and at the time of the accident was sitting upon his load, his feet hanging over the right side, and was driving his horses on a walk, and paying strict attention to them. While in this attitude, the wagon suddenly slipped off the road and down a steep bank, some two or three feet high, upset, and threw the load, or part of it, up-

on plaintiff, and broke his leg. The road, at the place of the accident, is a main traveled road leading from Richland Center and Lloyd to Reedsburg and Logansville; it runs east and west, at the point of accident curving slightly towards the south; is built along the side of a high bluff, and is what is called a dugway road. At the time of the accident the road was eight and a half feet wide, and slightly sloping from the south side next the hill, towards the north. At the northern margin of the roadway, there was a steep declivity, of two or two and a half feet, as steep as dirt would lie, and there was nothing to prevent teams or vehicles from going or slipping off the road and down the bank. At the time of the accident, ice had accumulated so as to make the road more sideling than it would be without it, and very slippery, and narrowed, so as to admit of no variation whatever, and had remained so from one to three weeks. It also appeared that it was icy there whenever the weather was favorable to the formation of ice."

During the progress of the trial, the following questions were put to a witness by counsel for the defendant: " How are roads usually built in that section of the country? Owing to the particular lay of the surface of the country in that neighborhood, how are they obliged to build their roads? State whether the highways in that particular locality and surrounding section of country are built upon hillsides mostly?" The court sustained an objection to each of these questions. It was conceded by the plaintiff, however, that the country where the accident happened is "bluffy, rough and mountainous."

After the plaintiff's proofs were all in, a motion for a nonsuit was made by the defendant, and denied.

Other rulings of the court upon which error is assigned, are stated in the opinion. Verdict and judgment for the plaintiff for $500 damages. The defendant appealed.

*J. W. Lusk,* for the appellant, argued, 1. That upon the undisputed facts in evidence, the defendant was not, and the plaintiff was, guilty of negligence, and the court should have

so instructed the jury. *Nicks v. Town of Marshall*, 24 Wis., 142; *Rothe v. R. R. Co.*, 21 id., 256; *Delaney v. Railway Co.*, 33 id., 67; *Peoria Bridge Association v. Loomis*, 20 Ill., 235; *Folsom v. Underhill*, 36 Vt., 580. 2. That it was for the jury to determine as a question of fact, whether, under all the circumstances affecting the building and keeping in repair of highways in the particular locality where the accident occurred, the highway in question was a *reasonably safe one for that locality* ( *Wheeler v. Westport*, 30 Wis., 396); and that the court therefore erred in rejecting evidence offered by the defendant to show what those circumstances were; and in instructing the jury that they were not to erect any standard of their own as to the condition in which towns should be required to keep their highways; and also in instructing them that the town is liable " for an accident caused by running off a dugway or embankment at the margin of the traveled track of a highway, unless it is *so guarded* as to be reasonably safe," etc.; it being for the jury to determine whether, under all the circumstances in evidence, the town was bound to erect any guard at all. The court also erred in instructing the jury, at plaintiff's request, that towns are bound to build their highways in such a manner " that travelers passing along them with ordinary care, considering the nature of the country they are passing through, may pass *with safety* at all seasons of the year by night or day." This would make the town an insurer of the absolute safety of the traveler when he is himself exercising ordinary care, which is certainly not the law.

*G. Stevens*, for the respondent, argued the following, among other points: 1. The theory of the defense is based upon a misapplication of the principle that the town is not liable for defects resulting from sudden and unforeseen action of the elements. Conceding, what the facts in evidence do not show, that the slippery condition of the road was the result of a sudden action of the elements, still it was a condition which would, in the nature of things, periodically occur, and which, there-

fore, the town was bound to anticipate and guard against in the construction of the road. *Ward v. Jefferson*, 24 Wis., 342; *Washburn v. Gilman*, 18 Am., 246; *McLaughlin v. Corry*, id., 432. Besides, the construction of so narrow a way, with such a declivity so near the traveled track, with nothing to guard travelers against falling down the bank, might well be held defective, irrespective of the icy condition of the surface. *Foshay v. Glen Haven*, 25 Wis., 288; *Houfe v. Fulton*, 29 id., 296; *Wheeler v. Westport*, 30 id., 392; *Williams v. Clinton*, 28 Conn., 264; Shearm. & Redf. on Neg., sec. 91, and cases there cited. 2. Even the jury would not have been warranted in finding that the plaintiff was negligent in attempting to pass the point of danger, unless they further found that the defect was so palpable, and the danger so imminent, that persons of ordinary prudence would not have made the attempt, and that plaintiff fully knew the extent of the risk. *Kavanaugh v. Janesville*, 24 Wis., 618; *Kelley v. Fond du Lac*, 31 id., 179.

LYON, J. I. The motion for a nonsuit was properly denied, unless the evidence justified the court in holding, as matter of law, either that the highway where the accident occurred was not defective, or that the negligence of the plaintiff contributed directly to the injury complained of. In actions for injuries caused by negligence, it seldom happens that the evidence is so clear and conclusive that it becomes the duty of the court to withdraw the question of the negligence of either party from the jury. The circumstances under which the court should do so, are well stated by DIXON, C. J., in *Sutton v. Wauwatosa*, 29 Wis., 21. That was an action against a town for injuries to cattle caused by the breaking down of a bridge over which the cattle were passing. It was claimed that the plaintiff was guilty of contributory negligence in that he allowed too many of his cattle to go upon the bridge at the same time, and thus overloaded it. There was no controversy

as to the facts.   Discussing the question whether there should have been a nonsuit on the ground that the negligence of the plaintiff contributed to produce the injury, the chief justice says:   " To sustain the nonsuit on this ground it is necessary for us to look at the facts in the most favorable light possible for the plaintiff, in which the jury would have been at liberty to find them, and then to say that there was no evidence which would have justified a verdict in his favor, or such a clear and decided preponderence of evidence against him as would have required the court to set aside a verdict finding to the contrary.   This court is not sufficiently familiar with the modes of constructing and using bridges upon country highways, the degree of strength required to render them ordinarily and reasonably safe and passable, the weight which they are expected or required to sustain, the care necessary in passing over them, and especially with herds of cattle or other animals, to say, with confidence in the correctness of its own judgment, upon the evidence before it, that the plaintiff was guilty of such negligence.   The evidence given throws little or no light upon these points, necessary to the formation of a correct judgment, and they are matters upon the evidence, when in, more properly to be considered by the jury, unless the evidence should be such, within the rule above stated, as to make it the duty of the court to withdraw them from the consideration of the jury, and itself to determine the legal rights of the parties upon the truth of the facts thus assumed to be indisputably shown."

That case is authority for the proposition that it is not the correct rule in all cases of negligence, that if the facts are undisputed the question of negligence is for the court and not the jury to determine.   The facts, so far as the evidence goes, may be undisputed, and yet, as in *Sutton v. Wauwatosa*, they may still leave the inference of negligence or no negligence in doubt.   If so, the question is for the jury.   It was because the inference of negligence from the undisputed facts was in-

Kenworthy vs. The Town of Ironton.

evitable, that it was held in *Nicks v. The Town of Marshall*, 24 Wis., 139, and *Delaney v. The Railway Co.*, 33 id., 67, that the plaintiff should have been nonsuited.

In the light of this rule we have carefully examined the testimony in the present case, and find ourselves unable to say, as matter of law, that it proves or fails to prove that the highway where the plaintiff was injured was not defective, or that the plaintiff was guilty of negligance which contributed directly to the injury of which he complains. On the contrary, we think the testimony is such that it became the duty of the court to submit those questions of fact to the jury. We conclude, therefore, that the motion for a nonsuit was properly denied.

II. The questions put to a witness as to how roads were usually and necessarily built in the region where the plaintiff was injured, and whether they are mostly built there on side hills, might have been admissible had it been claimed that the location of the highway where the accident happened, instead of some other place, or upon some other line, was of itself negligence. But there is no such claim. The right of the town to maintain the highway on the line where it is located, is not denied. The questions for the jury to determine were, the condition of the highway upon which, and at the particular place where, the plaintiff was injured, and the obligation of the town in respect thereto; and we fail to perceive how the answers to the rejected interrogatories could have aided the jury in determining those questions. Besides, had the testimony been received, it would have been competent for the plaintiff to controvert it, and the court might have found itself called upon to investigate the facilities for building and the state of repair, of all the highways in that region. Of course, the door for such useless and interminaable side issues should not be opened. We think there was no error in excluding the testimony.

III. The remaining errors assigned are based upon the re-

fusal of the learned circuit judge to give the jury certain instructions proposed on behalf of the defendant, and upon certain passages in the instructions given. These will now be considered.

1. One of the proposed questions thus refused is as follows: " If the jury find from the evidence that the plaintiff knew of the icy condition of the road in question just before he arrived at the place of accident, and bore it in mind up to the place of accident, and then, knowing the dangerous condition of the highway, proceeded to drive upon it, he cannot recover for any injury that may have happened to him under such circumstances."

This was properly refused, for the proposition is, in effect, that a traveler who knowingly passes over a dangerous place in a highway, is necessarily guilty of negligence. Such is not the law. The true rule is thus stated in *Kelley v. Fond du Lac*, 31 Wis., 179: " A person who, in the lawful use of a highway, meets with an obstacle or other cause of insufficiency, may yet proceed, if it is consistent with reasonable care to do so; and this is generally a question for the jury, depending upon the nature of the obstruction or insufficiency, and all the circumstances surrounding the party." (p. 187.)   See also the cases there cited.

2. The court also refused the following instruction: " If the jury find from the evidence that, at the time and place of the accident, the plaintiff had in mind and knew of the icy condition of the road over which he was then about to pass, but did not take any extra pains to guard against accident, and did not use more care than he had before been using, where the road was not icy or dangerous, he cannot recover."

If the proposed instruction means that the plaintiff was bound to use extraordinary caution and prudence to avoid injury, it is unsound in law.   But if it means that ordinary care, under the circumstances, is the exercise of greater caution and prudence than would be required in the absence of a known

danger, it was substantially given in the general charge. For the judge instructed the jury on that subject, as follows: " Ordinary care may be defined to be such as men of ordinary care and prudence usually observe in their business or affairs *under like circumstances*. Applying it to travel upon highways, it is such as such persons usually observe in such travel, and *under like circumstances of time, place, and with like teams, vehicles and loads*. It is, as you probably know, not that high degree of care which the exceedingly cautious observe, but more than that caution which the careless and reckless observe *under like circumstances*." This is, doubtless, a correct statement of the law.

The foregoing are believed to be all of the instructions proposed on behalf of the defendant, and refused, which were not substantially given in the general charge.

3. At the request of the plaintiff the following instruction was given: "Towns are bound to make or build their highways in such a manner that travelers passing along them with ordinary care, considering the nature of the country they are passing through, may pass with safety at all seasons of the year, by night or day." It is argued that this instruction makes towns insurers of the absolute safety of travelers on their highways, who are in the exercise of ordinary care. We do not so understand it. If the learned circuit judge intended that his language should be so understood, why did he mention the nature of the country through which the highways pass, as a matter to be considered? The instruction might have been more accurately worded, but we have no doubt that the idea intended to be conveyed is that expressed in an instruction given at the request of the defendant, and repeated in the general charge, and so we think the jury must have understood it. The last mentioned instruction is as follows:

" The question as to whether the highway in question, at the time and place of accident, was insufficient or out of repair, is one of fact for the jury; and this question of fact, whether

the alleged defect constituted such an insufficiency or want of repairs, ordinarily depends upon a variety of considerations, tending to furnish an answer to the inquiry, Was the highway, at the time and place, in a reasonably safe and suitable condition for the customary travel passing upon it, under all the circumstances attending the particular place?

"It is for the jury to determine, as a question of fact, from the evidence in the case, whether the highway in question, at the time and place of the accident, was a reasonably safe and suitable highway; and in the consideration of that question, it is the duty of the jury to bear in mind the particular location of the highway, the nature and surface of the soil, and surrounding country, over and through which the road is made; for it is obvious that a way which would be deemed narrow and insufficient, and by which the traveler would be unnecessarily exposed to accident and injury in one case, might not be so deemed in another, or under different circumstances."

To hold that the jury might have misunderstood the instruction excepted to, would be to impeach their intelligence. See *Hutchinson v. The Chicago & N. W. R'y Co.*, *ante*, p. 541.

4. Exception was taken to an instruction that a town charged with the duty of keeping a highway in repair is liable for an accident happening thereon, "caused by running off a dugway or embankment at the margin of the traveled track, unless it is so guarded as to be reasonably safe and free from danger of driving or slipping off it at any time, or in any season of the year, and *in any ordinary condition of the weather*, and with any ordinary care upon the part of the traveler."

This instruction excludes those accidents caused by defects in the highway when such defects result from extraordinary and unforeseen causes, and, thus limited, we think it states the law correctly. The judge gave the rule of law as settled by this court in former cases, as to the duty and liability of the

town where the defect in the highway is of recent origin and the result of sudden and unexpected causes.

5. The judge observed to the jury that neither he nor the jury were to erect a standard of their own as to the condition in which towns ought to be required to keep their highways; for (said the judge) "the law, which is over both you and me, does that." This portion of the charge is sharply criticised as having a tendency to prejudice the defendant. The law prescribing the duties of towns in that respect was correctly laid down to the jury, and we suppose the above remarks were made by way of admonition to the jury that they must regard the law to be as stated to them, although it might not accord with their notions of what it ought to be. The admonition may have been unnecessary, but it is very apparent that it could do no harm.

This disposes of all the questions argued which it is deemed necessary to consider, and determines them adversely to the defendant. Failing to find any material error disclosed in the record, we cannot disturb the judgment of the circuit court.

*By the Court.* — Judgment affirmed.