HAUSMANN, Appellant, vs. THE CITY OF MADISON, Respondent.

*April 17 — May 2, 1893.*

*Municipal corporations: Ice on sidewalk: Liability for injury: Contributory negligence.*

1. Plaintiff was injured by falling upon ice which had formed upon a sidewalk owing to the freezing of melted snow and ice which had dripped from an adjacent building. The ice extended only about half way across the walk, sloping slightly down from the building. Its average thickness was about one inch, and it was not piled up or uneven except near the building. The sidewalk being properly constructed, and there being nothing in the construction or condition of the building upon which negligence could be predicated, it is *held* that the city was not liable.

2. Plaintiff had often passed the place and had seen the ice there and in other places on the walk. It was in the day time, and he was looking at the sidewalk ahead of him as he walked, and his attention was not diverted at the time he fell. *Held,* that he was guilty of contributory negligence.

APPEAL from the Circuit Court for *Dane* County. The case is stated in the opinion.

For the appellant there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell* and *F. W. Hall.* They contended, *inter alia,* that if ice or snow is suffered to remain upon a sidewalk in such uneven and rounded form that a person cannot walk over it, using due care, without danger of falling, it constitutes a defect for which the city is liable. *Cook v. Milwaukee,* 24 Wis. 270; *Paulson v. Pelican,* 79 id. 448. Whether the sidewalk was defective or not was a question for the jury. *Draper v. Ironton,* 42 Wis. 696; *Benedict v. Fond du Lac,* 44 id. 496; *Prideaux v. Mineral Point,* 43 id. 513; *Ward v. Jefferson,* 24 id. 342; *Houfe v. Fulton,* 29 id. 299.

For the respondent the cause was submitted on the brief of *Burr W. Jones.* He argued, among other things, that

no defect was shown for which the city was liable. *Cham-berlain v. Oshkosh*, 84 Wis. 289; *Grossenbach v. Milwaukee*, 65 id. 31; *Schroth v. Prescott*, 63 id. 652; *Cook v. Milwaukee*, 27 id. 192; *Taylor v. Yonkers*, 105 N. Y. 202. The plaintiff was guilty of contributory negligence. *Achtenhagen v. Watertown*, 18 Wis. 331; *Langhoff v. M. & P. du C. R. Co.* 19 id. 489, 23 id. 43; *Rothe v. M. & St. P. R. Co.* 21 id. 256; *Nicks v. Marshall*, 24 id. 139; *Delancy v. M. & St. P. R. Co.* 33 id. 67; *Goldstein v. C., M. & St. P. R. Co.* 46 id. 404; *Kearney v. C., M. & St. P. R. Co.* 47 id. 145; *Williams v. C., M. & St. P. R. Co.* 64 id. 1; *Hopkins v. Rush River*, 70 id. 10; *Schaefler v. Sandusky*, 33 Ohio St. 246, 31 Am. Rep. 533; *Wilson v. Charlestown*, 8 Allen, 137; *Horton v. Ipswich*, 12 Cush. 488; *Quincy v. Barker*, 81 Ill. 300; *Erie v. Magill*, 101 Pa. St. 616, 47 Am. Rep. 739.

ORTON, J. This action is brought to recover damages for a personal injury to the plaintiff, caused by the defective condition and want of repair of a sidewalk of said city. At the close of the testimony for the plaintiff the circuit court granted a nonsuit on the motion of the defendant. The grounds of the motion were that there was no negligence on the part of the city shown, and that there was contributory negligence on the part of the plaintiff shown by the evidence. Of course, either one or the other of these grounds, sustained by clear and satisfactory testimony, would be sufficient to justify the nonsuit. In an action for negligence a nonsuit is proper only when the inference of contributory negligence on the part of the plaintiff, or of the absence of negligence on the part of the defendant, is deducible from the undisputed facts and circumstances proved. *Hoye v. C. & N. W. R. Co.* 62 Wis. 666. From the facts established by the indisputable evidence we are satisfied that under this rule the defendant, in respect to this ice on the walk, was not guilty of any

culpable negligence, and that the plaintiff contributed to his own injury by his want of ordinary care.

Without detailing the testimony, the facts established by it appear to be as follows: On the 26th day of January, 1892, between 9 and 10 o'clock in the forenoon, the plaintiff, without any special business and not hurried, was walking along the walk on South Blair street of the city, near the place of business of Warnes & Swenson, until he came to a place where there was ice a few feet wide on the walk, which was an inch or two thick where travelers walked and some thicker next to the adjacent building, and gradually ran out about the middle of the walk, or perhaps nearer the outside of the walk. It was nearly level, and was not piled up, except near the building. On this ice he slipped and fell, and broke his left arm. The ice at that place was caused by the melting of ice and snow on the roofs and in the gutters of that building, which was one story in front and two in the rear, during the day, and spattering down on the walk; and at night it froze up and made this patch of ice. This was usual in the winter, and there were other similar places on the walks, and from a similar cause. There was nothing in the construction of the building or in its condition upon which any culpable negligence of its owner or of the city could be predicated. The walk at that place had a slope lengthwise, according to the established grade of the street, and an inclination of a few inches towards the gutter, but only such as is common with all sidewalks properly constructed. From the description by the several witnesses of this ice it appears to have been formed by the melted snow and ice on the adjacent building, by the warmth of the day, spattered or sprinkled down on the walk next to the building, and towards night, and at night, by freezing as it fell, and making naturally thicker ice near the building, and, the water running off towards the gutter, the ice became thinner and

thinner until it was stopped running by freezing near the middle of the walk. Its average thickness could not have exceeded an inch.

From this description any one may be reminded of many similar places on the walks in the winter. If it should be held that it was the duty of the city to remove the ice from all such places on the walks in the winter, it would be a duty of impossible performance, with all the manual labor and machinery within its command. The gutters and pipes of buildings are liable to freeze up in this latitude in the winter, and the melting snow and ice, caused by the heat of the sun in the day time, will naturally and necessarily fall over the eaves and down on the walks, and run off into the gutters of the streets. At the freezing time of the evening it will be arrested in its flow, and congealed with the same descent or inclination of the walks,— thicker where it falls, and growing thinner until it ceases to run, at this place about the middle of the walk. These conditions are produced by natural causes, or the operation of the laws of gravitation and temperature. Such places may be defects in the walks, but they are natural and common defects, for which the municipality is not responsible. They are unpreventable and irreparable. As said in *Taylor v. Yonkers*, 105 N. Y. 202, a late case in New York: " It often happens that a fall of rain or the melting of adjoining snow is suddenly followed by a severe cold, which covers everything with a film or layer of ice, and makes the walks slippery and dangerous. This frozen surface is practically impossible to remove until a thaw comes which remedies the evil. The municipality is not negligent for awaiting the result." Our own cases are sufficient authority for holding that the presence of such ice on the walk is not a defect for which the city is liable. *Grossenbach v. Milwaukee*, 65 Wis. 31; *Schroth v. Prescott*, 63 Wis. 652; *Cook v. Milwaukee*, 27 Wis. 192. The cases cited by the

learned counsel of the appellant are not applicable.   There
is no evidence that this ice was piled up so as to make it
oval or uneven, except close to the building, where a pe-
destrian would not walk.   I think we can say that there is
no evidence whatever of the culpable negligence of the
city for not preventing or removing this layer of ice on the
walk.   For that reason alone the trial court was warranted
in granting the nonsuit.

On the other ground for the nonsuit — of the contribu-
tory negligence of the plaintiff — very little need be said,
as the evidence is very short and to the point.   The plaintiff
testified that at this time he was not employed, and was
laying off and walking around.   At this time he was on
his way towards the depot, and was walking right along.
He saw the walk ahead of him, and looked at it.   He was
looking at the sidewalk straight ahead.   His attention was
not diverted and he was not looking away.   He could see
that walk just as well as he could then see the floor (in the
room where he was examined).   He did not notice the ice
on the walk.   He resided in the same block where the ice
was, and had passed the same place often before, and saw
how the ice was formed by the water spattering down from
the roofs, and had seen the ice there and in several other
places on that walk.   From his own testimony there cannot
be the least question but that the plaintiff slipped and fell
on this ice through his own want of ordinary care.   He
knew all about it, and how it was formed, and passed the
place nearly every day going to the depot to see the trains
come in, and looked at the walk right ahead of him at this
time, and it was daylight, so that he could see it.   There
was room on the walk where there was no ice for him to
pass over if he chose to do so.   He was grossly careless, or
he would not have slipped down on this narrow patch of
level ice.   This conclusion is inevitable.   He was well
aware of all the danger there was in passing over this place,

Hausmann vs. The City of Madison.

and took no precaution for his safety. The learned city attorney cites many cases of this court in his excellent brief, from *Achtenhagen v. Watertown*, 18 Wis. 331, down to *Hopkins v. Rush River*, 70 Wis. 10, illustrative of such negligence. In *Schaefler v. Sandusky*, 33 Ohio St. 246, the court says in a similar case: " If the snow and ice presented a dangerous obstruction," etc., "it must follow, since its nature and character were known to the plaintiff, that it was imprudence in him to venture upon it, or that, if it was prudent for him to pass over it, he did not exercise due care." To the same effect is *Wilson v. Charlestown*, 8 Allen, 137. It is said in *Quincy v. Barker*, 81 Ill. 300: " If it be conceded that the ice upon the sidewalk was an obstruction, it was a defect in the walk that could be readily detected. It was in the center of the walk, and in plain view, and could not escape the attention of a pedestrian unless he was walking in a hasty and reckless manner." There are many other cases cited in the brief of the learned counsel of the respondent to similar effect. This appears to be one of the plainest cases of contributory negligence to be found in the books. There was an utter want of common care and prudence on the part of the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.

The liability of municipal corporations for ice on streets or sidewalks is the subject of an extensive note to the above case in 21 L. R. A. 263.