BOHN, Appellant, vs. CITY OF RACINE, Respondent.

*September 30—October 20, 1903.*

*Municipal corporations: Injury from defective sidewalk: Contribu-*
*tory negligence: Refusal to set aside verdict: Appeal.*

1. A decision of the trial court refusing to set aside a verdict or
   alter a finding therein as being unsupported by the evidence
   will not be disturbed on appeal unless clearly wrong.
2. Though a traveler on a sidewalk may have the right to assume
   that the walk is reasonably safe, it is his duty, nevertheless,
   to exercise ordinary care as he proceeds and to observe defects
   which are plainly visible. The fact that he is injured by such
   a defect is sufficient to rebut the presumption in his favor of
   due care, and to put upon him the burden of showing some
   excuse for not seeing the danger, such as a reasonable diver-
   sion of his attention at the instant of the injury.
3. In an action for injuries alleged to have been caused by a de-
   fective sidewalk, the evidence tended to show that, although
   the accident happened in the evening, the defect in question
   (caused by the laying of a new cement walk) was plainly visi-
   ble at the time, and that plaintiff knew the new walk was
   being laid, having frequently and recently passed in plain
   view of the whole situation; and there was no evidence that
   his attention was diverted in any way at the time of the ac-
   cident. *Held,* that the decision of the trial court refusing to
   set aside a verdict finding contributory negligence should not
   be disturbed.

APPEAL from a judgment of the circuit court for Racine
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action to recover for personal injuries claimed to have been
caused by the insufficiency of a sidewalk in the defendant
city upon the east side of Villa street between Fourteenth
and Fifteenth streets, about eighty feet north of the latter.
The defect claimed consisted of an abrupt drop in the surface
of the walk of about eight inches, created by the construction
of a new cement walk, from Fifteenth street north to the
point in question, higher than the surface from there on,
which had been partly prepared for a continuance of the

cement walk. It was alleged that such condition existed prior to the accident for about two weeks.

The right to recover on most of the material points was put in issue by the answer. There was evidence tending to establish all the issues in plaintiff's favor. On the issue as to plaintiff's contributory negligence there was evidence to the following effect: Plaintiff, when injured, was about twenty-five years of age. He had always resided a distance of about two blocks from the scene of the accident. It occurred between 8 and 9 o'clock p. m., July 27, 1902. He had been out walking for pleasure since about 7 o'clock, traveling during the time a little less than two miles. He traveled continuously after starting till the accident occurred, except a momentary stop at a saloon. It was not very dark. As he walked south on the east side of Villa street where the surface had been prepared for putting in a cement walk, the old plank walk having been removed and the material lying about, when about eighty feet from Fifteenth street he reached the north end of a new cement walk that had been constructed north from Fifteenth street. The surface of such new walk was about eight inches higher than the footpath upon which he approached. Not noticing that fact he collided with the end of the new walk, and was thereby caused to fall forward onto the hard surface thereof, with the consequences for which he claimed compensation. Villa street was a much-used thoroughfare. Sidewalks had existed on both sides thereof for many years. Plaintiff was very familiar therewith. Though he had not traveled on such street for some time, he knew that work of laying cement walks had been there in progress for a considerable period. It was his custom to pass within sight of the walk where he was injured every working day as he went to and from his business. On such occasions he often traveled on Fifteenth street, passing within about eighty feet of the scene of the accident. He saw the walk in question as he passed along one of the streets inter-

secting Villa street earlier in the evening of the day he was injured. There was an arc light at the intersection of Villa and Fifteenth streets located sixteen or eighteen feet from the ground, and another at the intersection of Villa and Fourteenth streets. The bright surface of the cement walk, together with the lights from the crossings, made the walk quite prominent. There were trees on both sides of the walk, with foliage so near the surface as to cast shadows upon the walk and more or less intercept the rays of light from the crossing to the point where the accident occurred. There was no evidence tending to show that plaintiff could not have seen the raise in the walk had his attention been directed to the surface of the ground in front of him. There was no evidence that his attention was diverted in any way from the appearance of things in his pathway.

The jury found in favor of the defendant on the issue of plaintiff's contributory negligence, but found all others in plaintiff's favor. Plaintiff's counsel moved the court to change the unfavorable answer to one in favor of plaintiff, which was denied. Plaintiff's counsel moved further for judgment upon the verdict, which was denied. A further motion was made by plaintiff's counsel to set aside the verdict and grant a new trial, which was denied. Judgment was thereupon rendered for defendant, and plaintiff appealed.

*Wallace Ingalls,* for the appellant.

*M. E. Walker,* for the respondent.

MARSHALL, J. To the trial court there was presented for determination a question as to whether there was evidence susceptible of a reasonable inference that appellant, on the occasion of his injury, was guilty of contributory negligence. That question was deliberately decided in the affirmative. The effect of this appeal is to challenge that decision as one not only wrong, but clearly so. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Nicoud v. Wagner,* 106 Wis.

67, 72, 81 N. W. 999.  As has often been said, in effect, if there is room for conflicting reasonable inferences on the record as it comes to us, as to whether there was or was not evidence tending to establish contributory negligence, a proper regard for the deliberate judgment of the circuit court should incline us to the view that it is right.

A study of the evidence in the light of the legal principle applicable thereto does not leave the mind free from reasonable doubts but that it is susceptible of conflicting reasonable inferences as to appellant's contributory fault.  True, he had a right to assume, in the absence of knowledge to the contrary or any circumstance reasonably sufficient to put him on his guard, that the walk was reasonably safe; but, just as true, it was his duty to exercise ordinary care with his eyes as well as his feet, as he proceeded, and to observe those things affecting his personal safety which were open and obvious to ordinary attention to his surroundings.  In many sidewalk cases that might be cited the plaintiff was held guilty of contributory negligence because when he was injured the defect could easily have been seen by him had he observed, as persons ordinarily do, his pathway as he proceeded, and there was no evidence that his attention was for the moment diverted.  *Robb v. Connellsville,* 137 Pa. St. 42, 20 Atl. 564; *Shallcross v. Philadelphia,* 187 Pa. St. 143, 40 Atl. 818.  In a late work treating on this subject the law is stated thus:

"A traveler is not bound to give his whole attention to the highway over which he is passing, nor to keep his eyes constantly fixed upon the pavement or roadbed, watching for defects; nor need he look far ahead for defects or obstructions.  Hence if, while his attention is momentarily diverted, he falls into an excavation or runs against an obstruction, the presence of which was not known to him, he is not necessarily, as a matter of law, guilty of contributory negligence, and that, too, even though such accident happens in broad daylight."  Williams, Municipal Liability for Tort, § 128.

That is well supported by the authorities cited. It suggests, as will be seen, that in the circumstances stated the fact that the defect is easily observable by the ordinary use of the traveler's eyes as he proceeds is sufficient to carry the case to the jury on the issue of contributory negligence. That is because of the opportunity for reasonable controversy as to whether there was reasonable diversion of attention. When a defect in a walk is in plain sight of the traveler, and yet he is injured by it, that is sufficient to rebut the legal presumption in his favor of due care, and call upon him to show some reasonable excuse for not seeing the danger, substantially the same as if he knew of the defect. *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087. Of course, he is not absolutely bound to see defects that are observable by looking, any more than he is bound to remember a defect of which he has knowledge. But he is called upon in both cases to show some reasonable diversion of attention at the instant of the injury, and that is rarely accomplished with such clearness as to take the issue in regard to the matter from the jury.

Applying the foregoing to the record before us, a decision is not difficult to reach. By the aid of the photographs it seems that the jury might reasonably have come to the conclusion that the defect in question was so prominent that appellant could readily have seen it had he been looking at or paying any attention to the walk in front of him. Respondent's attorney seems rather to concede that, in the absence of evidence showing that it was dark and that by reason of dense foliage on the shade trees at the sides of the walk, rays of light from the electric lamps at the crossings did not reach the place of the accident, the obstruction could easily have been seen by appellant. But the evidence is by no means either conclusive that it was so dark that without artificial light the obstruction was not observable by ordinary atten-

tion, or that there was no artificial light effectual to dispel the darkness if that condition existed. The jury may well have come to the conclusion from the evidence that the accident happened soon after 8 o'clock. Appellant started out on his pleasure walk at 7 p. m. Traveling continuously except for a momentary stop at a saloon, he proceeded about two miles before the accident occurred. A person would go that distence at a very slow walk in an hour. On July 27, 1902, the sun did not set till about half past seven. So it will be seen that there is ground for believing that there was a sufficient degree of twilight when the accident occurred to enable appellant to easily see the end of the walk as he approached it, if he had been paying any attention to his pathway. But, assume that such was not the case,—there is considerable evidence that the street lights at the crossings made the end of the walk a conspicuous object, either by the rays of light reaching the point directly or being reflected thereto from surrounding objects. The pathway upon which appellant approached the cement walk was black. The surface of the cement walk was white. The contrast between the two surfaces was so great that the jury might very reasonably have come to the conclusion that there was sufficient light to render the end of the cement walk plainly visible. In addition to all this there is an entire absence of evidence that appellant's attention was diverted in any way, while there is much evidence that he knew quite well the fact that the work of putting down new cement walks on the street had been in progress for a long time, that a new walk had been partly laid between Fourteenth and Fifteenth streets commencing at Fifteenth street, upon which he was traveling, and that he must necessarily reach it before arriving at Fifteenth street. He had passed in plain view of the whole situation many times prior to the accident, the last time being on the day of the occurrence. In view of all we have detailed, it would seem that the trial court had good ground for holding that

there was evidence in the case tending to prove that appellant heedlessly walked into the danger, and that his fault in so doing contributed proximately to the result for which compensation was sought.

It must be remembered that the issue of contributory negligence is peculiarly one for the jury; that is, that the cases are exceptional where it can be said as a matter of law either that the plaintiff was or was not guilty of contributory fault. There are a few exceptions where rules of law supply a certain test; but, generally speaking, the test is the judgment of the jury, from their conception of what ordinary care would require under the same or similar circumstances. So, it is generally difficult to determine whether, from any given state of facts, reasonable conflicting inferences of fact can or cannot be drawn. We are not prepared to say that the effect of the trial judge's decision in this case need be taken account of in coming to a conclusion that the judgment should be affirmed; but if we were to arrive at that point, certainly there is sufficient doubt as to the right of the matter that such decision should be deemed controlling.

*By the Court.*—The judgment is affirmed.