MURPHY, by guardian *ad litem,* Respondent, vs. THE HEROLD COMPANY, Appellant.

*January 9—January 26, 1909.*

*Trial: Reception of evidence: Discretion of trial court: Municipal corporations: Streets: Hatchways: Notice: Injury to pedestrians:· Contributory negligence:. Landlord and tenant: Dangerous premises: Liability of lessee: Special verdict.*

1. It is within the discretion of the trial court to permit a plaintiff, who has rested, to introduce further evidence.
2. A pedestrian, who knew of the existence of a hatchway and that it was sometimes open, is not necessarily guilty of contributory negligence as matter of law for failing to look and discover that it was open before he walked into it.

3. A pedestrian has the right to presume that a known hatchway, if open, will be properly guarded, and is not chargeable with knowledge that. it is in fact open, in the absence of notice of such condition.

4. The lessee of a building, to whom a drayman was delivering merchandise through a hatchway which he left open and unguarded, is liable to a pedestrian who falls through the hatchway for the negligence of the drayman, in the absence of evidence that the drayman was acting independently of the control of the lessee.

5. A special verdict which submits all the essential facts is not erroneous because it fails to submit one issue by a separate question.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff, an infant, through his guardian *ad litem*, to recover for personal injuries sustained on the 16th day of January, 1905, by falling through an open hatchway in front of the southerly part of a building known as the Herold Building, on Broadway, a public highway in the city of Milwaukee. The negligence charged is that the defendant failed to properly guard the hatchway and negligently permitted the same to be left open, to the plaintiff's injury. The defendant denied negligence and alleged contributory negligence on the part of the plaintiff, and further claimed that, if there was any negligence, such was not that of defendant, but of one August Tews, who was an independent contractor. The jury returned the following verdict:

"(1) Was the plaintiff on the evening of January 16, 1905, injured by falling through an open hatchway in the sidewalk of the premises known as the Herold Building? *A.* (by direction of the court). Yes.

"(2) Were the defendants exclusive of the defendant *Herold Company* negligent in failing to provide the doors of the hatchway with devices to keep them from falling down on the sidewalk when opened? *A.* No.

"(3) Was the hatchway at the time in question so negligently guarded as to make the sidewalk not reasonably safe for travel thereon by pedestrians themselves using ordinary care?  *A.* Yes.

"(4) If you answer the second and third questions or either of them 'Yes,' then answer this question: Was such negligence the proximate cause of plaintiff's injury? *A.* Yes.

"(5) Was the plaintiff guilty of any want of ordinary care which proximately contributed to his injury?  *A.* No.

"(6) If the court should be of the opinion that the plaintiff is entitled to recover, what sum would reasonably compensate him for his injury?  *A.* $2,000."

After denial of the usual motions, judgment was rendered upon the verdict in favor of the plaintiff, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Doe & Ballhorn.*

For the respondent there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *A. J. Schmitz.*

KERWIN, J.   The defendant had a lease of part of the Herold Building, so called, situate on the southwest corner at the intersection of Broadway and Mason streets, in Milwaukee, and at the time of the injury was using such premises for the publication of a newspaper.   Along the entire Broadway side and close to the building and as part of the sidewalk was a continuous elevation about five feet wide and about three and three-fourths inches higher than the balance of the sidewalk.   At the south end of this elevation was a hatchway running close to the east wall of the building and extending easterly about four feet eight inches.   The hatchway or doors used for closing it were about four feet wide and consisted of two doors of open iron grating fastened in an iron frame, each door being about four and one-half feet long and two feet wide.   When these doors were open they laid back flat on the sidewalk unless propped up.   The

hatchway and premises in question are exhibited by the plat attached to the bill of exceptions, also by photographs attached to appellant's brief. The hatchway doors opened to the north and south, respectively, upon iron hinges. Under the hatchway is an excavation from which there is an opening into the building to allow supplies for the use of the defendant to be delivered through the hatchway into the basement. From the doors of the hatchway to the floor or ground below is seven and one-half feet.

One August Tews was employed by the appellant to deliver print paper used by it in its business at a certain price per ton. He delivered it upon a wagon or dray and conveyed it from the wagon across the sidewalk to the hatchway upon a skid. At the time of the injury Tews was delivering paper to the appellant, and when the accident happened he was in the basement unloading paper from the elevator.

The plaintiff testified that he saw no wagon or skid, and that the hatchway doors were open and laid flat upon the sidewalk; that he did not see the open hatchway until he fell into it. The plaintiff lived with his mother in Milwaukee, had attended public school for about eight years, and for three months before the accident was employed as errand boy by a Milwaukee company whose place of business was in the block north of the Herold Building. At the time of the injury and about 6 o'clock in the evening plaintiff was walking upon the elevated portion of the sidewalk, hurrying home as he was doing his last errand, and his attention was somewhat attracted by a man and woman south of the Herold Building about 100 feet from him. He testified that he was looking straight ahead and did not notice that the hatchway was open; that he never saw Tews unloading paper in the evening after it was dark, but saw him do so two or three times a week, mostly about 9 o'clock in the morning, and never saw the hatchway open when no one was there; that there was no one outside guarding or attending it at the

time of the accident and there was no danger sign; that he saw no wagon or skid there.

1. Defendant moved for a nonsuit and directed verdict, both of which motions were denied, and defendant complains of this ruling. After plaintiff rested, the court permitted him to introduce further evidence. This was clearly within the discretion of the court and no error was committed in that regard. It is insisted upon the part of the appellant that on the undisputed evidence plaintiff was guilty of contributory negligence as a matter of law and that the court should have nonsuited him, and, refusing to do so, should have directed a verdict at the close of all the evidence. This contention is based mainly upon the fact that plaintiff knew of the hatchway and that at times it was open, and, in failing to look and discover that it was open before he walked into it, was guilty of contributory negligence as a matter of law, and relies upon the following cases in support of this contention: *Bohn v. Racine,* 119 Wis. 341, 96 N. W. 813; *Sweet v. Ohio C. Co.* 78 Wis. 127, 47 N. W. 182; *Hausmann v. Madison,* 85 Wis. 187, 55 N. W. 167; *Hoye v. C. & N. W. R. Co.* 62 Wis. 666, 23 N. W. 14; *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311; *Achtenhagen v. Watertown,* 18 Wis. 331; *Nicks v. Marshall,* 24 Wis. 139.

In *Nicks v. Marshall, supra,* the contributory negligence consisted mainly in knowledge of the defect in the highway and assuming a dangerous position upon an unbound load of hay, in consequence of which plaintiff was thrown therefrom and injured. In *Hausmann v. Madison, supra,* the injury was caused by slipping upon an icy sidewalk, which slippery condition was known to plaintiff, and caused by melting snow and ice which had dripped from an adjacent building and formed an uneven and slanting icy condition of the sidewalk. In *Sweet v. Ohio C. Co., supra,* the injury was caused by an improperly constructed stairway used by the employees on a coal dock, which was steep, without railing, and had steps at

irregular distances, which defects were obvious, and it was held that an employee who had been at work on the dock and who had used the stairway was chargeable with knowledge of such defects and assumed the risk. In *Hoye v. C. & N. W. R. Co., supra,* the court held that, unless the inference of negligence or its absence is necessarily deducible from the undisputed facts and circumstances proved, the question is one for the jury, and it was held that the question of contributory negligence of the plaintiff's intestate was one for the jury. In *Bohn v. Racine, supra,* the jury found that the plaintiff was guilty of contributory negligence and the court below refused to disturb the finding of the jury and this court declined to disturb the finding below. The injury occurred in consequence of a partially constructed cement sidewalk with which plaintiff was familiar. In *Lyon v. Grand Rapids, supra,* the plaintiff knew of the hole in the sidewalk into which she stepped, and this court held that, having knowledge of the defective condition, she must show some excuse for having forgotten it. It appears from the evidence that plaintiff was carrying several things which somewhat occupied her attention, and when near the hole her husband, who was a short distance ahead, called to her to hurry, that this drew her attention to him, and almost instantly thereafter she stepped into the hole. It was held that these facts were sufficient to warrant the jury in finding that the plaintiff was excused for not remembering the defect. In *Achtenhagen v. Watertown, supra,* erroneously cited by appellant as 118 Wis. 331, instead of 18 Wis. 331, it is held that the plaintiff is not bound in the first instance to show that he was not guilty of negligence which contributed to the injury, but is bound only to establish a *prima facie* case and that the injury was occasioned by the negligence of the defendant; but, if the plaintiff's own evidence raises an inference of negligence against himself, he must in order to establish a *prima facie* case show that he was not guilty of negligence.

The case, like many others which may be found, was one where the plaintiff knew of the danger and was familiar with it, which was a hole in a bridge over which he was passing in the daytime, and over which he had passed but a short time before on the same day.

It will be seen from an examination of the cases referred to that they are not controlling against the plaintiff here. There is considerable difference between the class of cases cited to our attention by counsel for appellant, where the plaintiff had knowledge of the actual existence of the defect, and a case like the one before us, where there would be no defect if the hatchway had been closed or properly guarded when open. While it is true in this case plaintiff had seen Tews delivering paper, he testified that at such times the open hatchway was guarded by the presence of some one in charge of it or by the doors being propped up. Besides, he testified that he never saw Tews or any one else delivering supplies after dark. He had a right to presume that the hatchway would be properly guarded when open, and was not chargeable with knowledge of a defect of which he had no notice. *Prideaux v. Mineral Point,* 43 Wis. 513, 524; *Dorsey v. Phillips & C. C. Co.* 42 Wis. 583; *Whitty v. Oshkosh,* 106 Wis. 87, 81 N. W. 992. While the question of the plaintiff's contributory negligence in this case is rather close under the authorities, we think it is distinguishable from the cases relied upon by appellant. We do not think it can be said as matter of law upon the evidence produced that the plaintiff was bound to bear in mind that the hatchway was liable to be left open and unguarded, or that his attention was not so diverted as to excuse him from not observing the opening before he walked into it. *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Wheeler v. Westport,* 30 Wis. 392; *Cuthbert v. Appleton,* 24 Wis. 383; *Wolf v. C. & N. W. R. Co.* 131 Wis. 335, 111 N. W. 514; *Cumisky v. Kenosha,* 87 Wis. 286, 58 N. W. 395; *Petrich v. Union,* 117

Wis. 46, 93 N. W. 819. Some deference is due the judgment of the court below upon its finding that there was sufficient evidence to go to the jury upon the question of contributory negligence of plaintiff, and we do not feel warranted in disturbing its finding in that regard.

2. It is further insisted by counsel for appellant that, conceding Tews was negligent in leaving the hatchway open and unguarded, still appellant is not liable for such negligence because Tews was an independent contractor. It appears that Tews had a contract with appellant to deliver paper to it at an agreed price per ton. It is established, however, that the appellant had control and possession of the premises and received the paper delivered by Tews through this hatchway and upon an elevator which conveyed it into the basement of the building. So far as the evidence shows, the possession and control of the building and premises, including the hatchway through which the paper was delivered, remained with appellant. Under such circumstances we think the negligence of Tews in managing the hatchway in such manner as to leave it open and unguarded so as to be dangerous was the negligence of the appellant. The evidence does not show that he was not under the control of the appellant in the prosecution of his work in delivering paper into the building occupied by the appellant. The means and methods of doing the work appear from the evidence to have been to some extent at least under the supervision of the appellant. Under such circumstances the appellant is liable for the negligence. We have carefully examined the cases cited by appellant on the subject under consideration and think they are clearly distinguishable from the one now before us. Without taking time to discuss them in detail, they mainly belong to the class of cases where in the performance of the work the contractor is subject to no control or supervision by the person for whom the work is being done, but is only answerable for results; the manner, means, and appliances for the execution

of the work being left solely to the contractor. The case of *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041, is a fair example of the rule of this class of cases. Without further pursuing this question, we are convinced that the appellant is liable for the negligence which caused the injury. *O'Neill v. Blase,* 94 Mo. App. 648, 68 S. W. 764; *Waters v. Pioneer F. Co.* 52 Minn. 474, 55 N. W. 52; *Holmes v. Tennessee C., I. & R. Co.* 49 La. Ann. 1465, 22 South. 403; *Sadler v. Henlock,* 4 El. & Bl. 570; *Cincinnati v. Stone,* 5 Ohio St. 38. It is also argued by respondent that the appellant is liable for the negligence of Tews even if he was an independent contractor; but we do not find it necessary to pass upon this question.

3. Objection is made to the form of the verdict, and it is insisted that the court erred in refusing to divide the third question or to add another question by which the negligence of the appellant would have been submitted to the jury as a separate question. We think the verdict submitted presented the issuable facts to the jury and that no error was committed in refusing to submit another question or divide the third question as requested by the appellant. We find no reversible error in the record; therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.