*L. H. Pummill*, for plaintiff in error.

*W. Austin Goodman*, contra.

---

### INJURY FROM SLIPPING ON AN ICY SIDEWALK.

[Circuit Court of Summit County.]

MATTHEW BARRY v. THE CITY OF AKRON.

Decided, September 30, 1905.

*Municipal Corporations—Liability of, for Injury—Due to Ice on Side-walk—Charge of Court—Negligence.*

1. In an action against a municipality for damages on account of injuries due to a fall upon a sidewalk in consequence of an accumulation of snow and ice thereon, the question whether the municipality was negligent in not removing the snow and ice is one for the jury. *Russell* v. *Toledo*, 19 C. C., 418, followed.

2. Where the testimony goes to show that a plaintiff was injured by a fall in the night time upon a sidewalk on which ice had accumulated, and that the condition was peculiar to this place in the sidewalk and not general throughout the city, and that the city, through its officers, had knowledge of the condition of the walk while he was ignorant of its condition, a case is presented for the jury.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

Barry was walking along on the sidewalk on the south side of Mill street, in the city of Akron, on the evening of December 18th, 1902, about nine o'clock. The sidewalk on which he was passing was somewhat icy. He slipped and fell, receiving an injury. He sued the city. On the trial he gave evidence

tending to show that by reason of the icy condition of the sidewalk it was dangerous to walk upon; that the place of injury was upon a much traveled and frequented street of the city; that this condition was peculiar to this particular part of the sidewalk and was not general throughout the city; that the city, through its officers, had knowledge of such condition and that Barry was without such knowledge or notice, and that such condition of the walk was the proximate cause of the injury. injury.

Evidence was introduced tending to establish each one of these propositions. As to the condition of the walk at the place of the injury, and as to the want of knowledge on the part of Barry, including the fact of its being too dark for him to see at the time, we have his own testimony; also as to the fact that this was peculiar at this particular part of the walk and not general throughout the city. We have his testimony, strengthened by that of Professor Egbert, as to the weather conditions in the city at the time. As to knowledge on the part of the city through its officers we have the location of the offices of the city on the same street and near to the place of the accident, and the fact that the officers passed along this walk very frequently, probably several times each day. This is shown by the testimony of Mr. Payne, the city engineer.

It would seem from the evidence introduced that Barry was, without question, entitled to have his cause go to the jury unless as a matter of law the city could not be held responsible for the condition of the walk. At the close of the evidence introduced on the part of the plaintiff below, the court directed a verdict for the defendant, and it is that order which is complained of in this proceeding.

It is provided by Section 1536-131 as follows:

"In all municipal corporations council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts within the corporation, and shall cause the same to be kept open and in repair and free from nuisance."

Whether under this section the city may under any circumstances be held liable for injuries caused by the accumulation of snow and ice upon the walk has been the subject of much discussion and consideration in Ohio. It is claimed that our Supreme Court has substantially held that it can not. A recent case, *The Village of Leipsic* v. *Gerdeman*, 68 O. S., 1, is one in which the court held the village was not liable, but it held so because of the facts in that case. Ice came on' in the night, the party injured was injured at eight o'clock in the morning, in broad daylight, and the court held that under those circumstances the city could not be made liable; but Judge Crew, in his opinion, at page 6 says, in speaking of the charge as to the liability of the village, the charge being that if by reason of the negligence of the authorities of the village this icy condition was such as to make it dangerous to go upon the walk, and that knowledge was brought home to the municipal authorities and not known to the plaintiff, etc., the village would be negligent and might be held liable—

"While in a proper case such instruction would perhaps be unobjectionable, or at least free from error, in the light of the established facts in this case such instruction was, we think, unauthorized, misleading and erroneous."

In *Russell* v. *Toledo*, 19 C. C., 418, it is held that in an action against a city for damages for injuries sustained by a fall on the sidewalk in consequence of the accumulation of snow and ice thereon, the question whether the city was negligent in not removing the snow and ice from the sidewalk is one of fact to be determined by the jury. In an elaborate opinion in this case Judge King discusses the decisions in Ohio bearing on the question, and reaches the conclusion already stated.

In *Schaefler* v. *Sandusky*, 33 O. S., 246, it is held only that contributory negligence on the part of the injured party bars a recovery, and Judge Day, in the outset of the opinion, on page 248, takes occasion to say that the question of whether the city can be held in any case, etc., is not decided.

In *Village of Conneaut* v. *Naef*, 54 O. S., 529, nothing further is decided that that contributory negligence on the part of the

party injured bars a recovery, though Judge Shauck closes the opinion by saying—

"Whether the village was guilty of actionable negligence may well be doubted in view of *Chase* v. *Cleveland,* 44 O. S., 505."

This last case was submitted upon a demurrer to the petition. The petition set out that the sidewalk on Wood street in Cleveland was icy and dangerous to walk upon, and that the city should have had knowledge, and that the plaintiff was injured without any fault on his part. Judge Spear in that case says at the conclusion of his opinion, that whether or not the municipality might be liable because of the icy condition of the sidewalk is not there decided.

In the case of *Hausman* v. *City of Madison,* a decision of the Supreme Court of Wisconsin, 21 L. R. A., 263, is a note, on page 268, referring to a large number, and quoting from a large number of cases in which there are conflicting decisions, some courts holding that a municipality may be liable under certain conditions for an icy condition of the sidewalk, others holding to the contrary; but we think that the better reason and the weight of the authority is that in a proper case the city may be held liable for injuries resulting solely from the icy condition of the sidewalk, when that icy condition is at a particular place and different from the sidewalks in other parts of the city. We think that the reasoning of Judge King in the case in the circuit court, to which attention has already been called (19 C. C., 418) is, in the main sound. Judge King states a rule of pleading there to which we could not subscribe, and gives that as one of the reasons why the court held as they did in the case in Cleveland— the Wood street case; but the reasoning, aside from that, we think, is sound.

Our Supreme Court has not, so far as we have found, in any case, held that a municipality may not be liable, and the last utterance to which our attention has been called is what is stated by Judge Crew, which has already been quoted.

We are of the opinion, therefore, that it was error to direct the jury to return a verdict for the defendant, but that the case

should have been submitted to the jury under proper instructions.

Judgment is reversed and the case remanded to the court of common pleas.

*E. F. Voris,* for plaintiff in error.

*C. F. Beery,* for defendant in error.