## GOLDMAN *v.* MASON *et al.*

*(City Court of Brooklyn, General Term.* October 22, 1888.)

1. MASTER AND SERVANT—NEGLIGENCE OF MASTER—INDEPENDENT CONTRACTOR.

   In an action for injuries, there was evidence that plaintiff was hired by one who was a contractor with defendants, and not their servant; and also evidence that he was employed by defendants' superintendent. Plaintiff applied to the latter for work, and was taken by him to the former, and defendants paid him, but allege that they paid him as the contractor's agents. Defendants furnished the alleged contractor with a room, machinery and stock, and he did no work except for them, and was employed for no fixed time. *Held*, that the questions whether the alleged contractor was a contractor or a servant of defendants, and whether plaintiff was employed by defendants, are for the jury, under proper instructions.

2. SAME.

   One who renders a service for another in the course of an independent occupation, representing the will of his employer in the result of his work only, and not as to the means, is a contractor, and not a servant; but if the employer retains the right to control the work, even if he does not do so, the employe is a servant.

3. SAME—NEGLIGENCE OF MASTER—PROVINCE OF JURY.

   Plaintiff testified that he was directed by the alleged contractor to put some bundles of wood through a rotary bed planer of complicated construction, driven by steam, and having a knife which made 4,000 revolutions per minute; that he had never worked on the machine, and had received no instructions in its use, except to start and stop it; that he was injured in putting through a piece, one end of which was too large to fit the gauge of the machine, so that it caught and drew in his hand. *Held*, that the questions of negligence of defendants, and contributory negligence of plaintiff, were for the jury.

Appeal from trial term.

Action for injuries alleged to have been received by plaintiff while in defendants' employ. Plaintiff was taken to one Swain by defendants' superintendent, McDowell, and Swain gave him work. Plaintiff testified that he was engaged at the sandpapering machine, (a machine not at all dangerous to work upon,) when he was directed by Swain to work on the planing machine. This machine was a complicated rotary bed planer, driven by steam, and having a knife making about 4,000 revolutions per minute, and requiring a skilled and experienced workman to operate it. Plaintiff had never worked upon it, and had never received any instructions in its use. Swain gave him no instructions as to its use, except to tell him how to start and stop it, but told him to put certain bundles of wood through the machine. Plaintiff, being wholly ignorant of the use of the planer, started to put through a piece which at one end was too thick for the gauge as then set. It caught in the machine, and his right hand was drawn into the rollers and permanently disabled. Defendants claimed that plaintiff was not employed by them, but by Swain, who, they claimed, was an independent contractor. Swain testified that he had not directed the plaintiff to work at the planing machine at all. The defendants' testimony tended to show that there prevailed in their factory a so-called "contract" system, and Swain was one of the contractors employed by them. He worked under agreements with the defendants to make seat-frames at an agreed price per piece. The work was done by him in defendants' factory. The defendants furnished him with the stock in the rough, with the machinery, the power, and the room to work in, and kept the machinery in repair. He worked for no one but the defendants, and there was no fixed term to his employment, and it was liable to be ended at any time, at the instance of the defendants. A motion for nonsuit was granted, and plaintiff appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Louis S. Phillips* and *L. A. Wray*, for appellant. *Benjamin F. Tracy* and *Charles A. Flammer*, for respondents.

CLEMENT, C. J., *(after stating the facts.)* The plaintiff brought this action to recover damages for injuries sustained on November 26, 1886, while

in the employ, as he claimed, of defendants; which allegation was denied, and testimony was given by the defendants tending to show that he was in the employ of Enoch Swain, and that said Swain was a contractor with defendants, and not their servant. The complaint was dismissed by the learned trial judge, and from the judgment of dismissal this appeal is taken. The counsel for plaintiff asked to have submitted to the jury the questions whether or not the relation of master and servant existed between plaintiff and defendants, and whether or not the same relation existed between the defendants and Enoch Swain. Counsel also asked that it be left to the jury to decide if the defendants were guilty of negligence in not instructing the plaintiff how to use the machine on which he was working when he sustained his injuries; also that the question of contributory negligence be left to the jury. The requests were denied, and exception duly taken. We are of opinion that the question whether Enoch Swain was a servant of or a contractor with the defendants should have been submitted to the jury. There was testimony on the part of plaintiff tending to show that he was employed by McDowell, the superintendent of defendants' factory, and not by Swain. While it is true the testimony of plaintiff was contradicted by McDowell and Enoch Swain, yet there is no dispute that he sought work of McDowell, and was taken by him to Swain; and the defendants concede that he received his pay from them, though they claim to have paid him as the agents of Swain. The plaintiff sought employment of defendants, and was set to work in their factory by their foreman, and was paid by them; and, if his testimony is true, thought, from the acts of defendants, that he was in their employ; and if from their acts he might so infer, it seems to us that the same acts should be passed upon by the jury for them to draw their inference. While we do not say or mean to intimate that the defendants and their witnesses did not tell the truth, yet to some minds the suspicion might arise that they attempted to contract out all their work on dangerous machinery, to avoid liability for injuries sustained by employes. They certainly had a right to contract as to all their work, but whether they did or not in the present case was a question for the jury.

Whether Enoch Swain was a contractor or employe of the defendants is to be determined by a rule laid down in a recent case in the court of appeals. Judge MILLER, in the case of *Hexamer* v. *Webb*, 101 N. Y. 385, 4 N. E. Rep. 755, says: "The test to determine whether one who renders service to another does so as a contractor or not is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as the result of his work, and not as to the means by which it is accomplished." The defendants admit that they furnished Swain with a room in their factory to work in; also with machinery and stock; and, if the testimony of plaintiff was true, with labor. And it appears that Swain did no work except for defendants, and was employed for no fixed time. There is also the fact that plaintiff received his pay from the defendants. Although the jury should find that Enoch Swain agreed with plaintiff as to his wages, we think there was other testimony in the case to require the submission of the question to the jury whether Swain was a contractor or employe. While defendants might not have exercised power of control over the work of Swain, yet if they retained the right to exercise such power during the progress of the work, then, within the authorities, he was their servant, and not their contractor.

The question of the negligence of the defendants was also one for the jury to decide. If Swain was their employe, then he was their foreman in charge of the work; and it was a question of fact whether or not it was in the line of his employment to set plaintiff at work on the machine on which he was injured. If the jury should decide that he represented the defendants in what he did, then, of course, they would be liable for his acts. The question of contributory negligence was also one of fact. It is unnecessary to review the

testimony on this point.   In reviewing the case we have taken the testimony of plaintiff as true, as is the rule in the case of a nonsuit, and disclaim any intention to express any opinion as to the facts, except to hold that as to certain facts the testimony was conflicting, and that different inferences could be drawn from many of the facts which were not in dispute.   Judgment reversed, and a new trial granted.   Costs to abide the event.

VAN WYCK, J., concurred.