MADIX, Appellant, vs. HOCHGREVE BREWING COMPANY,
Respondent.

*September 17—October 7, 1913.*

*Master and servant: Independent contractor: Injury to employee:
Unsafe ladder: Contributory negligence: Questions for jury.*

1. Where one is employed to do a piece of work, if the right to con-
   trol the details of the work remains in the employer, whether
   exercised or not, the relation will be held, in the absence of
   other controlling circumstances, to be that of master and serv-
   ant or principal and agent, and not of employer and inde-
   pendent contractor.
2. One S., who carried on the business of a mason, was employed
   by defendant to do the mason work upon a building under an
   arrangement by which he hired and discharged the men, fixed
   their compensation and hours of labor, directed them during
   the progress of the work, and furnished the tools and ap-
   pliances needed. He was to receive a certain sum for his
   services and was not responsible for any specified result. De-
   fendant was to pay the men directly and also to pay directly
   for the materials, whether ordered by it or by S. Up to the
   time when plaintiff, one of the men hired by S., was injured,
   S. had actually controlled the details of the work, but defend-
   ant had the right to determine how the work should be done
   in case of a disagreement. Defendant might also discharge
   S. at any time without breach of contract and might stop the
   work or change the plans thereof at any time without liability
   to S. *Held,* that S. was a servant of the defendant and not an
   independent contractor.
3. Where a ladder used by plaintiff and other workmen altering a
   building to reach a scaffold slipped and caused an injury to
   plaintiff as he was descending, the ladder having been placed
   in position by someone else and plaintiff having been the last
   of several men to go up and the first to come down, sec. 1636—
   81, Stats. 1911, was applicable.
4. The defense of assumption of risk and contributory negligence
   was not barred in such a case; but, under the evidence, the
   questions involved were for the jury.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Reversed.*

The defendant had conducted a brewing business for a number of years previous to 1911, during which time it had found it necessary to have performed for it considerable mason work, which had been done by one Schmidt under substantially the following arrangement: Schmidt hired and discharged the men employed; fixed their compensation and hours of labor; directed them during the progress of the work; and furnished the tools and appliances needed. The men were paid directly by the defendant, and it paid Schmidt seventy-five cents per hour for his services. The material, whether ordered by Schmidt or the defendant, was paid for directly by the latter. It also appeared that Schmidt did work for others under substantially similar arrangements, and that he usually kept a crew of seven or eight men in the prosecution of his mason work.

In 1911 the defendant desired to build a new boiler house and install some new boilers, and it became necessary to take out the old ones. It secured plans and specifications for such work from architects and employed Schmidt to do the mason work. The plans and specifications were gone over with Schmidt by one of the officers of the defendant, copies given him, and he fully understood what work he was to do. Nothing was said as to his compensation, but both parties understood that it was to be the same as before, namely, seventy-five cents per hour. In case of a disagreement as to how the work should be done, defendant claimed the right to control it, though no occasion had arisen in the prosecution of this work to exercise such control. Schmidt took his crew and began the work. Before it was completed he left it and did some work for another party, and during the latter part of January or fore part of February, 1911, returned to finish the work for the defendant. Plaintiff had been hired by Schmidt some three or four days previous to his injury, which occurred February 11, 1911. He, together with other employees, had been ordered up on a scaffold, about seven feet

in height, to assist in putting in a boiler front. A ladder about ten feet long was placed by some one other than the plaintiff against the scaffold at an angle of about thirty degrees, so that nearly three feet of the ladder projected above the scaffold. The third rung of the ladder from above was about three inches below the surface of the scaffold. The ladder was made of wood, had no shoes or points on the bottom, and stood unfastened on a somewhat moist concrete floor that sloped very slightly in a direction parallel with the rungs of the ladder. The men, including the plaintiff, used the ladder in going upon the scaffold. When the work thereon was finished plaintiff was the first to step upon the ladder. In doing so he put his foot upon the third rung from the top, took hold of the top of the ladder with his hands, and just as he was about to go down it slipped at the bottom and he fell and was injured.

At the close of plaintiff's case the court granted a nonsuit on the ground that Schmidt was an independent contractor, and hence no relation of master and servant was shown between plaintiff and defendant. From a judgment entered accordingly the plaintiff appealed.

For the appellant there were briefs by *Kaftan & Reynolds,* and oral argument by *R. A. Kaftan.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *Joseph Martin.*

VINJE, J. The first question presented by the appeal is the correctness of the trial court's ruling that Schmidt was an independent contractor and not a servant or agent of the defendant. The evidence upon which the ruling was based is not in conflict, so it resolves itself into a determination of whether or not the correct legal conclusion was drawn from the undisputed facts. The definitions of the term "independent contractor" found in the decisions are uniformly in harmony and may be summarized as "one who, exercising an independ-

ent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer, except as to the result of his work." *Powell v. Virginia C. Co.* 88 Tenn. 692, 13 S. W. 691; *Humpton v. Unterkircher,* 97 Iowa, 509, 66 N. W. 776; 1 Thomp. Comm. on Neg. § 622; 2 Cooley, Torts (3d ed.) 1098. In *Carlson v. Stocking,* 91 Wis. 432, 65 N. W. 58, our own court defined an independent contractor as "one who undertakes to do specific jobs of work, as an independent business, without submitting himself to control as to the petty details." A number of tests have been suggested as more or less decisive of determining whether a given relation is that of a servant or agent, or of an independent contractor, but none has been found that can be regarded as wholly satisfactory or conclusive as applied to all cases. The most significant *indicium* of an independent contractor, however, is his right to control the details of the work. 1 Thomp. Comm. on Neg. § 622; 2 Cooley, Torts (3d ed.) 1098. If such right remains in the employer, whether exercised or not, the relation will be held, in the absence of other controlling circumstances, to be that of master and servant or principal and agent, and not of employer and independent contractor. 1 Thomp. Comm. on Neg. § 629; *Singer Mfg. Co. v. Rahn,* 132 U. S. 518, 10 Sup. Ct. 175; *Atlantic T. Co. v. Coneys,* 82 Fed. 177, 28 C. C. A. 388; *Pickens v. Diecker,* 21 Ohio St. 212; *Hardaker v. Idle D. Council,* [1896] 1 Q. B. 335; *Goldman v. Mason,* 2 N. Y. Supp. 337; *Linnehan v. Rollins,* 137 Mass. 123; *Norwalk G. Co. v. Norwalk,* 63 Conn. 495, 28 Atl. 32. Thus in *Atlantic T. Co. v. Coneys, supra,* the court said: "The tendency of modern decisions is . . . not to regard as an essential or absolute test so much what the owner actually did when the work was being done as what he had a right to do." And in *Hardaker v. Idle D. Council, supra,* the court, through RIGBY, L. J., said: "It is this unlimited right of control, whether actually exercised or not, which, in my opinion, is the condition for inferring the

responsibility of a master." Page 353. And in *Pickens v. Diecker, supra,* it was pointed out that' it was not necessary that the employer should in fact exercise control. It was sufficient if he had authority to do so; and the fact that the employer chose to leave the details to the servant because of the confidence in his ability, and knowledge of the work, to do what was proper, was immaterial. In *Linnehan v. Rollins, supra,* instructions to the effect that "it is the possession of the right of interference, the right of control, that puts upon a party the duty of seeing that the person who stands in that relation does his duty properly," and "the absolute test is not the exercise of power of control, but the right to exercise power of control," were approved upon appeal. Other significant characteristics of an independent contractor are that he is usually engaged in carrying on an independent employment or business, and customarily contracts to do a given piece of work for a specified sum of money and is responsible for the result thereof, while a servant usually works by the hour, day, week, or month, and is not responsible for the result of the work beyond performing his own labor in a workmanlike manner.

Applying these principles and tests to the case before us, we find that Schmidt was working for stated wages; that the ultimate right of direction and control was reserved in the defendant; that Schmidt was not responsible for any specified result, and might have been discharged at any time without breach of contract; that his discharge would operate to discharge the men hired by him; that the defendant might stop the work at any time or materially change the plan or extent thereof without in any way rendering itself liable to Schmidt for any damages. The only two significant *indicia* that Schmidt sustained the relation of an independent contractor were that he undoubtedly had, up to the time of plaintiff's injury, actually controlled the details of the work and was carrying on the business of a mason. But when all

the circumstances of the manner in which the work was done are considered, and it is remembered that the defendant claimed the right to determine how the work should be done in case of a disagreement, though such right had not been exercised, it must be held, within the above authorities and the rule announced in the case of *Rankel v. Buckstaff-Edwards Co.* 138 Wis. 442, 120 N. W. 269, that Schmidt was a servant and not an independent contractor. The latter case is almost identical with the present one. By a reference to the printed case therein, page 42, it will be seen that Heidlinger was a carpenter and builder and held himself out as a contractor in that line of work, just as Schmidt did in mason work in the case at bar. See, also, *Hiroux v. Baum,* 137 Wis. 197, 118 N. W. 533, and *Murphy v. Herold Co.* 137 Wis. 609, 119 N. W. 294. Both on principle and authority, therefore, it must be held that the trial court erred when it directed a nonsuit on the ground that Schmidt was an independent contractor. Upon the evidence as it stood at the close of plaintiff's case the trial court should have held that the relation of master and servant existed between defendant and Schmidt. For exhaustive notes on the subject of what constitutes an independent contractor, see 65 L. R. A. 445, and 17 L. R. A. N. s. 371.

It is urged that the court should hold as a matter of law that plaintiff was guilty of contributory negligence or assumed the risk, and hence the nonsuit was properly granted; that the ladder was a simple appliance whose condition and position were easily ascertainable, and that plaintiff should have stepped lower than the third rung in starting to descend. The evidence showed plaintiff was the last of several men to go up and the first to come down. The case, therefore, falls within sec. 1636—81, Stats. 1911, but that does not bar the defense of assumption of risk or contributory negligence. *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179; *Van Dinter v. Worden-Allen Co.* 153 Wis. 533, 142 N. W.

122; *Ives v. South Buffalo R. Co.* 201 N. Y. 271, 94 N. E. 431. The court cannot say, however, under the evidence, either that he assumed the risk or that he was guilty of contributory negligence. Those are jury questions, and as there must be a new trial we forbear to comment upon the degree of persuasiveness of the proof touching them.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.