G. W. STORM, Appellant, v. GEORGE O. THOMPSON, Appellee.

MASTER AND SERVANT: Contractor (?) or Employee (?) One who, in pursuit of his regular occupation, contracts to remove

a stated number of trees from the land of another, for a stated price, plus the wood derived from such trees, and performs the work solely by his own labor, in his own time, and with his own tools, is a "contractor."

*Appeal from Polk District Court.*—THOS. J. GUTHRIE, Judge.

JANUARY 23, 1919.

THE opinion states the case,—*Affirmed.*

*John D. Denison* and *Royal & Royal,* for appellant.

*Brockett, Straus & Shaw* and *Frank T. Jensen,* for appellee.

WEAVER, J.—The plaintiff, for a period of two years or more, had made a business of what he calls "tree work." Concerning it, he says his occupation was "anything to be done with trees, such as trimming, removing, and chopping them down. That is the way I make my living." The defendant was a contractor, engaged in grading a city street. The progress of this work appears to have required the removal of certain trees upon the land through which a way for the street was being cut. On March 17, 1917, the parties entered into a contract for the removal of the trees. The agreement was in writing, and, omitting the signatures, reads as follows:

"This contract, entered into by G. W. Storm, party of the first part, and G. O. Thompson, party of the second part, witnesseth:

"The party of the first part agrees to remove by grubbing, if necessary, sixty-two (62) trees, located on Sixth Avenue between Center and School Streets, for the sum of seventy-five (75) dollars and the wood that said trees will make.

"Party of the second part agrees to remove stumps from

job and furnish teams to haul wood to No. 1060, Sixth Avenue."

Plaintiff proceeded with the work mentioned in the contract, and, while so engaged, and in the act of removing one of the trees, he was accidentally injured, in such manner as to cause the loss of two fingers of his left hand. On the theory that he was an employee engaged in the service of the defendant, he made claim for an allowance of damages under the Workmen's Compensation Act. This demand was resisted by the defendant, on the ground that plaintiff was not its employee, but a contractor, and as such, did not come within the protection of the statute. The majority of the arbitration committee to whom the matter was submitted found against the plaintiff, on the theory that he was not an employee, within the meaning of the Compensation Act, but a contractor.

On the hearing before the court, the contract was introduced in evidence, and the fact of plaintiff's injury was shown. In addition, plaintiff testified that he did the work alone, using his own saws, axes, ropes, and other tools, but procured or borrowed from defendant a bar, pick, and shovel, for temporary use on some parts of the job. As the defendant's steam shovel was also working in that vicinity, and it was necessary to have the trees nearest the front of the shovel removed, to avoid delaying its operation, it was understood between the parties that this work should have priority of attention, and on several occasions, the defendant gave directions to that effect. Plaintiff controlled his own hours and times of work, so long as he kept it ahead of the shovel. After the accident, defendant furnished a man to complete, or to assist plaintiff in completing, the removal of the trees.

There is no dispute as to the facts in the case. The trial court affirmed the arbitrators' finding, and plaintiff appeals.

The Workmen's Compensation Act, after defining the

word "workman" as synonymous with "employee," and as meaning any person who has entered into the employment or works under contract of service for an employer, with certain specified exceptions, attaches to such definition the following proviso:

"Provided that one who sustains the relation of contractor with any person, firm, association, corporation  *  *  * shall not be considered an employee thereof." Section 2477-m16, Code Supplement, 1913.

The question we have to consider in this case is whether the plaintiff's relation to the defendant, as shown by the evidence, is that of a workman, or employee, within the statutory definition of the term, so that he is entitled to an award in damages, or whether he is to be regarded as a contractor, and, therefore, not within the protection of the act.

Whether the distinction thus drawn between workman and contractor is, in all respects, logical and just, is a consideration for the legislature, and not for the court, which must apply and give effect to the statute according to its plain and unequivocal terms. The only debatable question, therefore, is whether, upon the admitted facts, the arbitrators and the trial court erred in classing plaintiff as a contractor. The term is one of very frequent use in common speech, and its meaning has often been considered by the courts. As is not unusual in judicial definitions of even the most familiar words, it has been variously phrased and interpreted; but we think there has been developed no radical difference of opinion as to its substantial meaning or effect. In its broadest sense, every person who enters into a contract or takes upon himself contract obligations of any kind is a contractor; but, as ordinarily used, it is applied to any person "who, in pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting him-

self to their control in respect to all its details.  The true
test of a contractor would seem to be that he renders the
service in the course of an independent occupation, repre-
senting the will of his employer only as to the result of his
work, and not as to the means by which it is accomplished."
*Jahn's Admr. v. McKnight & Co.,* 117 Ky. 655.  See, also,
*Caldwell v. Atlantic B. & A. R. Co.,* 161 Ala. 395; *Hal-
stead v. Stahl,* 47 Ind. App. 600; *Carey-Lombard Lbr. Co.
v. Jones,* 187 Ill. 203; *Humpton v. Unterkircher,* 97 Iowa
509, 514; *Carlson v. Stocking,* 91 Wis. 432; *Madix v. Hoch-
greve Brewing Co.,* 154 Wis. 448 (143 N. W. 189) ; *Parrott
v. Chicago G. W. R. Co.,* 127 Iowa 419; 2 Words & Phrases
1534.

Tested by this rule, which seems to fairly reflect the
consensus of judicial opinion, there can be little doubt of
the correctness of the decision of the trial court in this case.
The plaintiff made a specialty of this kind of work, and had
supplied himself with substantially all the tools and ap-
pliances necessary for the performance of such jobs.  His
agreement with the defendant was to produce a certain re-
sult, to wit, the removal of 62 trees, standing on a de-
scribed tract of ground.  The method and manner of their
removal was left wholly to his own choice and discretion,
except that the trees should be "grubbed" where necessary.
No right to control or direct the work was reserved to the
defendant, though plaintiff says it was understood that he
was to keep in front of the steam shovel, in order to clear
the way for its operation.  He was not limited in the time
for the performance of the work, except as the law implied
a duty to complete it within a reasonable period.  He con-
trolled his own time, and was, in all essential respects, his
own master, being answerable to the defendant for noth-
ing except the accomplishment of the promised result—
the removal of the trees; or, if we go beyond the writing,
the removal of the trees in such time as not to delay the

operation of the steam shovel with which defendant was do-
ing the grading through the land from which the trees were
to be taken.   To say that, under these circumstances, the
plaintiff was not a contractor, but an ordinary employee
or servant, is quite impossible, unless we are ready to dis-
regard all precedent.   The statute must be presumed to have
used the word "contractor" in the sense in which the term
is commonly employed, and in which it has been defined by
the courts; and we are satisfied that plaintiff's own show-
ing brings him very clearly within that class.

This decision is in no way out of harmony with any of
the authorities cited by appellant, unless it be *Rheinwald
v. Builders' B. & S. Co.*, 168 App. Div. 425 (153 N. Y. Supp.
598).   That decision seems to have been reversed on appeal
(see 174 App. Div. 935 [160 N. Y. Supp. 1143]), and cannot
be considered as of controlling authority.

The trial court did not err in holding plaintiff to be
a contractor, and not an employee, within the terms of the
Compensation Act, and the judgment is—*Affirmed.*

LADD, C. J., GAYNOR, PRESTON, and STEVENS, JJ., concur.