JAMES, Respondent, vs. TOBIN-SUTTON COMPANY, imp.,
Appellant.

*October 18—November 13, 1923.*

*Master and servant: Independent contractors: Salesmen on com-
mission: Automobiles: When third party liable for injury
caused by driver's negligence.*

1. Generally an independent contractor is a person employed to
   perform work on the terms that he is to be free from the
   control of the employer as respects the manner in which the
   details of the work are to be executed.   p. 39.
2. Where one drives his own automobile, a third person cannot be
   held liable for injuries to a stranger resulting from negligent
   driving, unless the relation of master and servant, or principal
   and agent, exists between the third party and the driver, and
   the driver is actually engaged, at the time of the injury, in
   the furtherance of the business of the master or of the prin-
   cipal.   p. 38.

APPEAL from a judgment of the circuit court for Mil-
waukee county: S. E. SMALLEY, Judge.   *Reversed.*

Action to recover damages for personal injuries sustained
by plaintiff in a collision with an automobile driven by the
defendant Sovic.   The defendant *Tobin-Sutton Company*
was made a defendant on the theory that Sovic was in its
employ at the time of the collision.

As a part of the special verdict the jury found that the
defendant Sovic "was in the employ of the defendant *Tobin-
Sutton Company* as salesman on December 1, 1921;" and
that at the time of the collision he "was within the scope of
his employment by the said *Tobin-Sutton Company* and to
facilitate the latter's business."   The damages were assessed
at $1,000, and from a judgment in favor of the plaintiff for
that amount the defendant *Tobin-Sutton Company* ap-
pealed.

For the appellant there was a brief by *Olwell & Brady,*
attorneys, and *A. George Bouchard,* of counsel, all of Mil-
waukee, and oral argument by *Mr. Bouchard.*

James v. Tobin-Sutton Co. 182 Wis. 36.

For the respondent there was a brief by *Padway, Thompson & Skolnik,* attorneys, and *Charles S. Thompson,* of counsel, all of Milwaukee, and oral argument by *Charles S. Thompson.*

VINJE, C. J. The appellant contends (1) that the overwhelming weight of the evidence shows that some weeks before the accident Sovic had been discharged from its employ; (2) that the undisputed evidence shows that he was an independent contractor; and (3) that even if he was in its employ he was not acting within the scope of his employment at the time of the collision.

We shall not discuss the first and last contentions because we have reached the conclusion that upon the undisputed evidence the law declares him to have been an independent contractor at the time of the collision, for whose acts the *Tobin-Sutton Company* was not liable. The evidence shows that the *Tobin-Sutton Company* was a retail seller of Ford automobiles and accessories and employed seven or eight salesmen, one of whom was Sovic, who sold automobiles on a commission basis. They received no salary, but a limited checking account was advanced them which was absorbed by commissions when earned. All salesmen were required to report to the *Tobin-Sutton* office at 8 o'clock each morning, when the previous day's work was discussed and suggestions or criticisms were offered and prospect cards were handed out to them. After they reported each morning they could go where they pleased and sell cars anywhere within Milwaukee county. The *Tobin-Sutton Company* exercised no direct control over them. Each salesman was required to own and operate a Ford car for demonstration purposes. He had to pay for the car and its maintenance, but if he paid cash he got a slight discount for gas, oil, and repairs if purchased or made by the *Tobin-Sutton Company.* They were not required to buy gas or oil from or have repairs made by the *Tobin-Sutton Company.* After reporting

at 8 o'clock each salesman controlled his day's work in all respects, both as to length of time he would work, where he would go, and the manner of effecting sales. The salesmen could come back to the *Tobin-Sutton* office at any time, and they often came back in the evening but not for orders or suggestions, but for their own purposes, convenience, or pleasure.

On the afternoon of the day of the accident Sovic was at the Plankinton Arcade between 3 and 4 o'clock engaged in playing pool. He then started home for lunch by a direct route and on his way the accident occurred. He testified that he might or might not have gone to the *Tobin-Sutton* office that evening had the collision not occurred. He did not go.

It is well settled that where one drives his own automobile a third party cannot be held liable for injuries to a stranger resulting from negligent driving unless the relation of master and servant or principal and agent exists between the third party and the driver and the latter is actually at the time of the injury engaged in the furtherance of, the master's or principal's business. If the driver is an independent contractor and not an employee or agent there is no liability on the part of the employer. So the question as to whether the driver is an employee or agent or an independent contractor is the turning point as to liability.

In *Madix v. Hochgreve B. Co.* 154 Wis. 448, 143 N. W. 189, it was held that one of the principal distinguishing characteristics of the relation of master and servant or of principal and agent was the degree of retention by the employer or principal of the right to control the manner in which the details of the work were to be done. If the right to control the details of the work was left with the person hired, in the absence of other controlling circumstances he must be regarded as an independent contractor and not as an employee or agent. The relation of the driver of an automobile who is selling goods on commission to the owner

of the goods or to his employer is one peculiar to itself and has received construction in a number of cases. See note in 17 A. L. R. 621. In this class of cases, also, the final test is the degree of control which the employer has retained or exercised as to the manner in which the details of the work are to be done. If that is all left to the salesman he is an independent contractor. *Aldrich v. Tyler G. Co.* 206 Ala. 138, 89 South. 289, 17 A. L. R. 617; *Barton v. Studebaker Corp.* 46 Cal. App. 707, 189 Pac. 1025; *Premier Motor Mfg. Co. v. Tilford,* 61 Ind. App. 164, 111 N. E. 645. But in *Terry D. Co. v. Parker,* 144 Ark. 401, 223 S. W. 6, it was held to be a question for the jury though the evidence seemed undisputed that the employer retained no control of the driver. Where the employer retains control of the manner of doing the details of the work or specifically directs a particular work to be done at a specific time or manner, the relation of master and servant will be held to exist. *Lewis v. National C. R. Co.* 84 N. J. Law, 598, 87 Atl. 345.

In 19 A. L. R. pages 226 to 276 there is a valuable and comprehensive note on the subject of employer and independent contractor, and after reviewing the authorities this basic definition is suggested:

"An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed."

For reasons stated and discussed at length in the note, this definition is more inclusive and less free from conflict with decided cases than any that has come to our notice and it can well be adopted as the most accurate basic definition that can be given. It accords with what was said in *Madix v. Hochgreve B. Co.* 154 Wis. 448, 143 N. W. 189. But, as there stated, no single test or definition can be held conclusive as to all cases.

Bearing in mind these general principles and tests, it seems clear to us that Sovic, in the sale of automobiles, was

an independent contractor. After reporting at 8 o'clock in the morning he was his own master. He could work or not as he saw fit. He could go where he pleased and pursue any lawful method of making a sale. The fact that in the morning· he may have received valuable information or suggestions for prosecuting his business did not constitute him an employee when engaged in the sale of automobiles. Neither did the fact that the use of an automobile facilitated the employer's business make him an employee. In every case of an independent contractor proper means of prosecuting the business can be said to facilitate the employer's business or interests because they enable the work contracted for to be executed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the action as to the defendant *Tobin-Sutton Company,* with costs.