GEAR, by Special Administrator, Appellant, vs. GENERAL CASUALTY INSURANCE COMPANY, Respondent.

*February 2—March 3, 1953.*

262

For the appellant there was a brief by *James M. Ruth* and *Robert N. Ledin,* both of Ashland, and oral argument by *Mr. Ledin.*

For the respondent there was a brief by *G. Arthur Johnson,* attorney, and *Warren B. Foster* of counsel, both of

Ashland, and oral argument by *Lawrence E. Hart* of Madison.

BROADFOOT, J.   The plaintiff complains particularly about two statements made by the trial court in passing upon the motion.   They are as follows:

"Well, in this matter here, first of all, it seems that the automobile was parked upon private property.  It wasn't parked on the street or on the sidewalk; that the children there technically were trespassers; that in order to charge Rachel Olson with any heavier duties than one ordinarily owes to trespassers, you must go into the doctrine of attractive nuisances."

"I think that under the rules I cannot hold that this automobile situated as it was, parked where it was, was an attractive nuisance to charge any duty to Rachel Olson.  I can't see where there is any act on the part of Rachel Olson, or any omission to so act, which could be charged to be culpable negligence on her part."

Plaintiff contends that this case is governed by the case of *Angelier v. Red Star Yeast & Products Co.* 215 Wis. 47, 254 N. W. 351, wherein this court held (p. 53) :

"Whether the technical legal status of a young child who enters upon the premises of another for purposes of play is a trespasser, a licensee, or an invitee by implication is, in our opinion, quite immaterial in a case like this where the circumstances and conditions shown or alleged bring the case within the rule hereinafter stated.

"It is our opinion that a possessor of real estate should be subjected to liability to a young child who is injured upon his premises if it be found that the former maintained, or allowed to exist, upon his land, an artificial condition which was inherently dangerous to children being upon his premises; that he knew or should have known that children trespassed or were likely to trespass upon his premises; that he realized or should have realized that the structure erected or the artificial condition maintained by him was inherently dangerous to children and involved an unreasonable risk of

serious bodily injury or death to them; that the injured child, because of his youth or tender age, did not discover the condition or realize the risk involved in going within the area, or in playing in close proximity to the inherently dangerous condition; and that safeguards could reasonably have been provided which would have obviated the inherent danger without materially interfering with the purpose for which the artificial condition was maintained."

We agree with what was said in the *Angelier Case*. However, it has been determined in several cases before this court that an automobile is not an inherently dangerous instrumentality nor an attractive nuisance. *Coffey v. Oscar Mayer & Co.* 252 Wis. 473, 32 N. W. (2d) 235, and cases there cited.

In determining the status of the children present we do not need to be technical nor to engage in hairsplitting definitions. We do not think the trial court had any particular distinction in mind. Regardless of the exact status of the children, the duty that Miss Olson owed was that of ordinary care. The plaintiff contends that Miss Olson did not exercise ordinary care, and was therefore negligent in that she left the key in the ignition switch, the automobile in reverse gear, with the hand brake unset or defective. The cases cited by the plaintiff in support of his position involve negligent acts in the operation of a car or leaving an automobile unattended. Whether the hand brake was set or not, the car was stopped and was motionless upon the driveway. Although the door on the east side of the car was open, the body of Miss Olson blocked the entrance so that no child could enter the car without her knowledge. The accident occurred because Donald Gear, unbeknown to her, reached the ignition key with his hand and did the only thing possible to start the car in motion. Negligence or want of ordinary care includes a reasonable anticipation of harm to another. Certainly Miss Olson could not have foreseen that Donald Gear, after he was refused permission to enter the car, would come from the west side of the car to the east side and, in her presence,

although her back was turned, reach in and turn the ignition key. There is nothing in the record to indicate that she could have or should have anticipated that act on the part of a child. Under the record before us, there was no negligence on the part of Rachel Olson upon which liability can be predicated. The trial court reviewed the evidence carefully and was correct in its determination.

*By the Court.*—Judgment affirmed.