MUELLER, Incompetent, by Guardian, Plaintiff and Respondent, v. LUTHER and others, Defendants: GREEN GIANT COMPANY and another, Defendants and Appellants.

*May 9—June 7, 1966.*

For the appellants there were briefs by *McLeod, Donohue & Colwin* of Fond du Lac, and oral argument by *Joseph D. Donohue.*

For the respondent there was a brief by *Hayes & Priebe* of Ripon, and oral argument by *William F. Hayes.*

BEILFUSS, J. The issues are: (1) Under the undisputed material facts was Timm an independent contractor as a matter of law; (2) were either Luther, Jr., or Luther, Sr., employees of Green Giant; (3) was the removal and hauling of corn silage over the highway an inherently dangerous act?

The affidavit of Green Giant in support of the motion incorporates a written contract signed by Green Giant and Timm covering the silage removal from the Green Giant canneries in Ripon and Rosendale. Among other provisions, the written contract contains this provision:

"7. That Contractor is not an agent, servant or employee of Green Giant but rather undertakes performance of this agreement as an independent contractor and any person that Contractor employs shall be considered the agent, servant or employee of Contractor and not that of Green Giant."

It further appears, without dispute, from the affidavit of Green Giant and portions of the adverse examination of several witnesses that Timm operates his trucking business from Ripon; that he allocated about 12 trucks and 10 drivers to the Green Giant silage removal job; that he owns, repairs, maintains, provides gas and oil, insures for liability, and provides drivers for all trucks; that he hires and fires the drivers; that he pays their wages, social security and withholding taxes; that Timm or his foreman select the trucks and the drivers for the Green Giant silage removal job and give them operating and safety instructions.

Under the contract, and without dispute, Timm was compensated on an hourly rate of canning plant operation and not upon his actual hours or number of trucks or drivers.

Green Giant does provide for a vehicle safety inspection of the trucks at the beginning of the season. Each employee "as a good corporate citizen" will notify Timm or his drivers of any vehicle safety defect that is observed. Green Giant does require the drivers to be of legal driving age and will not allow Timm to use trucks that have been used for hauling petroleum products.

A photostat of a signed copy of the contract between Timm and Green Giant is a part of the record on this motion. Timm admits signing the contract but states he did not read it. However, the only part of the contract that he objects to is an indemnification clause whereby Timm agrees to indemnify Green Giant for any liability occasioned by Timm's operations. This clause is immaterial as to issues before us on the motion for summary judgment. If Green Giant is entitled to summary judgment no question of indemnity arises. Timm testified in his adverse examination that the contract for the 1964 season was a renewal of previous contracts. He does not claim that he did not understand nor that he was unaware of the contract provision identifying him as an independent contractor.

In *Weber v. Hurley* (1961), 13 Wis. (2d) 560, 568, 109 N. W. (2d) 65, we adopted the following definition of an independent contractor:

" 'An independent contractor is one who is employed to do a piece of work without restriction as to the means to be employed, and who employs his own labor and undertakes to do the work in accordance with his own ideas or under plans furnished by the person for whom the work is done, to produce certain results required by such person. The mere reservation by the city of the privilege of inspecting and generally supervising the work, and making changes in the plans, does not destroy or impair the character of independent contractor. Whether one is an employee or an independent contractor generally should be determined from the facts of the particular case, and from a proper construction of the contract as a whole.' "

And in *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 374, 108 N. W. (2d) 552, the court said:

"Whether a person is an agent or an independent contractor has been decided many times. See Anno. 19 A. L. R. 226, for an exhaustive discussion. Several factors must be taken into consideration in determining the question. The most-important single indicium is who has retained the right to control the details of the work. *Madix v. Hochgreve Brewing Co.* (1913), 154 Wis. 448, 143 N. W. 189. In *James v. Tobin-Sutton Co.* (1923), 182 Wis. 36, 39, 195 N. W. 848, this court, after reviewing the cases, approved the following language from the note in 19 A. L. R., p. 235, sec. 4:

" 'An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed.' "

Under the undisputed material facts as stated above, we conclude that Timm and Green Giant agreed that Timm was an independent contractor. We further conclude that in the performance of the contract Timm did retain and exercise the right to control all of the significant details of the work in hauling the corn silage. The very limited inspection and supervision of the trucks and drivers retained by Green Giant while on the premises of Green Giant were insignificant and do "not destroy or impair the character of independent contractor." [1]

The operation of the vehicles while upon the highway was completely under the control of Timm. Under the facts before us we hold, as a matter of law, that Timm was an independent contractor.

The plaintiff claims that there is a factual dispute as to whether Luther, Sr., or Luther, Jr., were employees of Green Giant.

The affidavit submitted in behalf of the defendant Luther, Jr., states:

[1] *Weber v. Hurley, supra.*

"3. That at all times pertinent to the action herein the said Victor Luther, Jr. was an agent and employee of Robert Timm; that Robert Timm was an agent and employee of the Green Giant Company; that additionally Victor Luther, Jr., was working under the supervision and control of Victor Luther, Sr., an employee and agent of Robert Timm.

". . .

"7. That Affiant's ward, Victor Luther, Jr. was not acting independently of the supervision, direction and control of the other defendants named herein, but rather was the agent and employee of them all; . . ."

The affidavit of Luther, Sr., states:

"3. That at the time of the accident herein on August 30, 1964, he was not in the scope of his employment with the defendant, Robert Timm, d/b/a B & B Trucking Company, and that at such time or at any other time material hereto, Victor Luther, Jr. was not an employee of Robert Timm. That he therefore denies all such allegations contained in paragraphs 2 and 3 of the affidavit of Joseph D. Donohue and paragraph 3 of the affidavit of Lynn Packard, Jr.

". . .

"5. That at the time of said accident Victor Luther, Jr. was not operating such truck for the benefit of or on behalf of the defendant, Robert Timm, or that he drove said truck at the direction of your affiant and that he therefore denies all allegations in this regard contained in paragraph 2 of the affidavit of Joseph D. Donohue."

However, in the adverse examination of Luther, Sr., he acknowledges he was an employee of Timm and makes no claim he was employed by Green Giant.

Timm does not claim that either Luther, Sr., or Luther, Jr., were employees of Green Giant but does acknowledge Luther, Sr., was an employee of his, and Luther, Jr., had worked for him on occasion.

Green Giant asserts that neither Luther, Sr., nor Luther, Jr., were employees. There is no evidentiary statement of fact that either Luther, Sr., or Luther, Jr.,

were ever hired by Green Giant; nor a description of their duties. They were not on a Green Giant payroll, and there is no evidence of any direct control over them. George Kehlenbrink, a supervisor for Green Giant, in his adverse examination, stated he did not even know Luther, Sr., or Luther, Jr.

The mere statement that they were employees is a conclusion and not an evidentiary fact necessary or sufficient to defeat the motion for summary judgment.

We conclude that there are no evidentiary facts, disputed or undisputed, which tend to establish that either Timm, Luther, Sr., or Luther, Jr., were employees of Green Giant.

The plaintiff contends that even though it be determined that Timm was an independent contractor, Green Giant cannot be relieved of liability because the work to be done, hauling corn silage, was inherently dangerous. He cites *Paulson v. Madison Newspapers* (1957), 274 Wis. 355, 80 N. W. (2d) 421, citing *Carlson v. Stocking* (1895), 91 Wis. 432, 65 N. W. 58, wherein it is stated, at page 362:

" 'One person who employs another to furnish materials and do specific work as an independent contractor is not, as a general rule, liable for injuries caused by the sole negligence of such contractor or his servants; but where the performance of the work in the ordinary mode necessarily or naturally resulted in producing the defect or nuisance which caused the injury, the employer is subject to the same liability to the injured person as the contractor.' "

And also *Medley v. Trenton Investment Co.* (1931), 205 Wis. 30, 236 N. W. 713, wherein we said, at page 36:

"As between owners and principal contractors and third persons, it seems clear, under our decisions, that the owner or principal contractor is not liable for the negligent acts of an independent contractor unless the act to be done or the work to be performed is inherently

dangerous or naturally or necessarily creates the nuisance or the defect or necessarily or naturally results in injury."

The general rule is that the employer is not liable for harm done to others by the act or omission of an independent contractor. There are several exceptions to this rule which prevent the employer from avoiding liability by delegating responsibility to an independent contractor.

An exception that must be considered in the motion before us is set forth in Restatement, 2 Torts (2d), pp. 384, 385, sec. 413:

"**Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor.** One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

"(a) fails to provide in the contract that the contractor shall take such precautions, or

"(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

While we have stated "it has been determined in several cases before this court that an automobile is not an inherently dangerous instrumentality," [2] it does not follow that an automobile cannot be used in such a manner so as to create an inherently dangerous condition.

Plaintiff contends that the evidentiary facts and allegations of the complaint establish that in the canning process water is used and that a liquid or juice, sticky in nature, falls from back of the truck making the highway slippery and obscures the rear lights and reflectors so as to create an inherently dangerous condition, and that in recognition of this hazard Green Giant provides water and washing facilities at the plant to wash the trucks.

[2] *Gear v. General Casualty Ins. Co.* (1953), 263 Wis. 261, 265, 57 N. W. (2d) 340.

He further alleges in the complaint that the lights on the parked truck were not burning, and glass surfaces and the reflectors were covered with mud, corn juice and dirt, and that the other truck driven by Luther, Sr., was loaded with corn silage and had spilled slippery liquid on the highway east of the place of the accident and that both of these conditions were a cause of the accident. He also alleges in substance that removal of the silage is an integral part of Green Giant's canning operations; that it knew or should have known that the silage liquids would obliterate the rear lights and reflectors of the trucks used and that slippery liquid would spill onto the highway creating an inherently dangerous condition; that Green Giant took no steps to train or instruct the drivers, inspect the vehicles or require equipment which prevent the spilling of these liquids. These allegations are denied by Green Giant in its answer.

Green Giant argues that the affidavits and other proof submitted by the plaintiff are insufficient to establish the facts alleged in the complaint and that under the rule of *Laughnan v. Griffiths* (1955), 271 Wis. 247, 73 N. W. (2d) 587, the plaintiff has not met his burden of proof to defeat the motion for summary judgment on this limited issue. True, the plaintiff's affidavits did not present evidentiary facts to support his allegations on this issue.

The rule that the allegations of the pleadings alone cannot be used to defeat a motion for summary judgment applies only in those instances where the moving party has presented proof by affidavit and other documents that *prima facie* entitled him to judgment.

In this instance the affidavits and other proof submitted by Green Giant in support of the motion are wholly inadequate to conclusively refute the allegations of the plaintiff as to this phase of the case. The factual issue as to whether the operations were such as to create an inherently dangerous condition and, if so, the suffi-

ciency of the steps taken by Green Giant to protect third persons from this danger, remain undetermined.

The plaintiff alleges two inherently dangerous conditions that are of such a nature that Green Giant could not avoid liability to third persons by delegating its duty to an independent contractor: (1) The obliterated taillights, and (2) the spilling of slippery materials on the highway.

We conclude that the alleged dirty taillights and reflectors, as a result of the liquid falling on them, is a condition of vehicle maintenance which must be assumed by the independent contractor, Timm, and his drivers. Green Giant did make facilities available for cleaning these surfaces. Whether a taillight or reflector was dirty, when it was dirty, and how often it should be cleaned are matters of maintenance best known to and within the control of the operator of the truck. This responsibility we hold was properly delegated to Timm as an independent contractor.

The spilling of slippery liquids upon the highway because of the nature of the produce hauled is not entirely a matter of truck maintenance. This issue remains undetermined as set forth above.

While our conclusions require an affirmance of the order denying the motion for summary judgment and a trial of the remaining issues, the liability of Green Giant, if any, can be predicated on only the question of the inherently dangerous condition created by spilling slippery liquids on the highway.

It is the law of the case that Timm was an independent contractor, that Luther, Sr., and Luther, Jr., were not employees of Green Giant, and that the condition of the taillights and reflectors was a duty of maintenance for which the liability, if any, falls upon Timm and the Luthers.

*By the Court.*—Order affirmed. No costs to either party.