420 P.2d 589

**FARMERS INVESTMENT CO.,
a corporation, Appellant,**

**v.**

**Charlotte GALLOSKA, and Charlotte Galloska as the next best friend of Karen Galloska, a minor, Appellee.**

**2 CA–CIV 218.**

Court of Appeals of Arizona.

Dec. 6, 1966.

Rehearing Denied Jan. 4, 1967.

Review Denied Feb. 7, 1967.

Gaynor K. Stover, Tucson, for appellant.

Healy, Laubscher & Dickerson, by Vernon F. Dickerson, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal from a plaintiff's judgment in a personal injury action.

On December 22, 1963, the plaintiff, a twelve year old girl, was struck by a run-

away cotton trailer which had become disengaged from a pickup truck while being hauled down a public street in the City of Tucson, Arizona. After a jury trial, a judgment was rendered in favor of the plaintiff and against the owner of the pickup, the driver of the pickup and Farmers Investment Company, which latter defendant is the only appellant here.

The trailer in question was owned by Midvale Farms, Inc., a corporation, and was being used at the time in a cotton harvesting operation as to a field of cotton owned by Midvale in the Santa Cruz Valley, south of Tucson. Farmers Investment Company had entered into a management contract with Midvale some two and a half months prior to the subject accident. Under this contract, Farmers was in general supervision of the farm property of Midvale. Farmers, in turn, had hired one Herman Ford to pick the "ground cotton" (the cotton falling to the ground after the machine pickers had been through the fields), the contract providing that Ford was to be paid ten cents for each pound of cotton seed recovered from the cotton gathered from the fields and hauled to the gin by Ford.

At the conclusion of the evidence, the trial court ruled as a matter of law that the contract between Farmers and Ford was that of employer-independent contractor, and no question is raised on appeal as to the propriety of this ruling.

The only theory of liability under which the case was submitted to the jury against Farmers was as expressed in the Restatement of the Law of Torts, section 413:

"§ 413. Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor

"One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

"(a) fails to provide in the contract that the contractor shall take such precautions, or

"(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

Restatement (Second), Torts § 413.

After the accident in question, there was no safety chain found either on the hitch of the cotton trailer in question, or on that of the pickup which was pulling the trailer. The pin which had been holding the two vehicles together was missing. The Ford employee who had personally attached the two vehicles was unavailable for testimony. There was testimony that the cotton trailer in question was " * * * standard in the industry," and there was no contrary testimony unless it be the evidence that some cotton trailers had safety chains attached. There was evidence that the failure to attach these two vehicles with a safety chain was a violation of ordinary safety precautions, but there was no showing that the requirement of a safety chain was peculiar to the hauling of cotton or to the cotton harvesting industry. There was testimony that occasionally a vehicle being towed for cotton harvesting or other agricultural purposes becomes unhitched, but there was no showing that this occurred with any greater frequency in this field of endeavor than in any other in which towed vehicles are employed. There was no showing that Farmers had any knowledge that the subject pickup and trailer were being used without a safety chain.

The first contention made on appeal is that the court erred in failing to direct a verdict for Farmers in that under the undisputed evidence, the Restatement of the Law of Torts, section 413, is inapplicable, and there was insufficient evidence of negligence to go to the jury.

On appeal we are constrained to uphold the denial of a directed verdict unless under the undisputed evidence there is

no possible predicate for liability. Sturm v. Heim, 95 Ariz. 300, 389 P.2d 702 (1964). The plaintiff contends that in this case reasonable men might very well find that because there was a towed and a towing vehicle involved in this accident, there was such a "peculiar risk" of harm as to satisfy the requirements of the Restatement, section 413, supra. Other than the fact that there was a towed vehicle involved, the plaintiff does not argue any other peculiar risks as meriting the application of the subject exception to the general law that the employer of an independent contractor is not liable for acts of negligence committed by such contractor. Restatement of the Law of Torts (Second), section 409.

We have already had occasion to comment upon the "ragged and irrational" distinction outlined by case law in this area of carving out an exception to the general rule of nonliability. Welker v. Kennecott Copper Company, 1 Ariz.App. 395, 403 P.2d 330 (1965). The words "peculiar unreasonable risk" and "special precautions" invite argument as to their meanings. As each person on earth is unique so is each task or subdivision of economic endeavor. In this sense, one can find "peculiar" risks in any job, and the need for "special" precautions in any operation. We do not believe that these words are intended to be given as broad an application as this, nor sufficiently broad so as to include the contentions of the plaintiff herein. If they were to be so construed, the exception would eat up the general rule and we conceive that there is still a general rule of nonliability which has application to the employer-independent contractor relationship.

The following words in the Restatement of the Law of Torts lead us in this direction:

"b. Peculiar risk and special precautions. It is obvious that an employer of an independent contractor may always anticipate that if the contractor is in any way negligent toward third persons, some harm to such persons may result. Thus one who hires a trucker to transport his goods must, as a reasonable man, always realize that if the truck is driven at an excessive speed, or with defective brakes, some collision or other harm to persons on the highway is likely to occur. This Section has no reference to such a general anticipation of the possibility that the contractor may in some way be negligent. It is not concerned with the taking of routine precautions, of a kind which any careful contractor could reasonably be expected to take, against all of the ordinary and customary dangers which may arise in the course of the contemplated work. Such precautions are the responsibility of the contractor; and if the employer has exercised reasonable care to employ a contractor who is competent and careful (see § 411), he is not required to provide, in the contract or otherwise, that the contractor shall take them."

Restatement (Second), Torts § 413.

The appellant contends herein that section 413 never has application when the accident results from the use of motor vehicles on the highway. We do not adopt this as a general rule, but we do hold that when the risk out of which the accident results is one normally involved with the operation of motor vehicles, then the exception to the general rule as expressed in section 413, supra, is inapplicable. The pulling of towed vehicles upon our highways is a common method of transporting goods. The evidence here indicates that the use of a safety chain or similar safety device is a routine safety precaution when a vehicle is being towed. We are not dealing with a "peculiar unreasonable risk," but rather an ordinary risk rendered unreasonable by negligence. Ordinary, not "special," precautions were needed to avoid this accident.

We have been cited no decision directly in point, but we consider the following to be helpful in reaching the result herein expressed. Mueller v. Luther, 31 Wis.2d 220, 142 N.W.2d 848 (1966); Boulch v. John B.

Gutmann Construction Company, 366 S.W. 2d 21 (Mo.App.1963).

We do not consider the other contentions of error, because the contention now upheld renders their consideration unnecessary. Judgment reversed with instructions to enter judgment for the appellant.

KRUCKER, C. J., and HATHAWAY, J., concur.